UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIDAMERICA C2L INCORPORATED, a Nevada corporation; and SECURE ENERGY, INC., a Nevada corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>SIEMENS ENERGY, INC., a Delaware corporation,<br><br>        Defendant. | No.: 16-cv-00963-MJR-DGW |

**SIEMENS ENERGY, INC.'S MOTION TO TRANSFER TO THE MIDDLE DISTRICT OF FLORIDA PURSUANT TO 28 U.S.C. §1404(a) AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

**MOTION**

Pursuant to 28 U.S.C. §1404(a), Siemens Energy, Inc. moves to transfer the case from the Southern District of Illinois to the Middle District of Florida for the following reasons:

- The case could have and should have been filed in the Middle District of Florida, where Siemens' principal place of business is located and where the relevant coal gasification business is headquartered;

- The Southern District of Illinois is not the home forum of Secure Energy, Inc. ("Secure") or MidAmerica C2L Incorporated ("C2L") (collectively, "Plaintiffs") and therefore their choice is not entitled to any deference;

- This District has no connection with the operative facts giving rise to Plaintiffs' claims and it has no material interest in the outcome of this dispute. This action relates to Plaintiffs' failed attempts to secure the funding and engineering, procurement, and construction resources necessary to build a coal-to-methanol energy plant in **West**

**Paducah, Kentucky**. The 2012 License and Support Agreement upon which Plaintiffs sue has nothing to do with any project, past or present, in the Southern District of Illinois; and

- The convenience of the balance of witnesses, particularly non-party witnesses, would be better served by transferring the case – especially since Siemens intends to assert counterclaims against Plaintiffs.

In all respects, the Middle District of Florida is a more convenient forum.

## MEMORANDUM OF LAW

### I. BACKGROUND

#### A. Plaintiffs Do Not Reside In This District And The Dispute Is Not Connected To This District

The reasons for Plaintiffs' commencement of the action in the State of Illinois are not clear to Siemens, since Plaintiffs are each Nevada corporations with their principal place of business in the State of Missouri. Dkt. No. 1-2 (Complaint) ¶¶1-2. Moreover, the facts giving rise to Plaintiffs' claims have nothing do with the State of Illinois, let alone the Southern District of Illinois. An overview of the parties' history establishes that there is no meaningful connection to this District.

The relationship between Siemens and Plaintiffs began in 2006 and produced a 2007 Equipment Supply Agreement ("2007 ESA"), whereby a Secure subsidiary purchased from Siemens certain coal gasification equipment, to be used in furtherance of Secure's plan to operate a coal-to-syngas energy plant in Decatur, Illinois (in the Central District of Illinois). Morehead Decl. ¶4, Ex. A. At about the same time, the parties also entered into a December 31, 2007 Project License Agreement, whereby Siemens provided Secure's subsidiary with continuing access to the Siemens technology and engineering support services necessary to set

up, operate, and maintain the coal gasification equipment. *Id.* ¶5, Ex. B.

Plaintiffs' plans to build a coal-to-syngas energy plant in Decatur stalled in 2010. Morehead Decl. ¶¶6-7, Ex. C. They refocused instead on building a coal-to-gasoline plant in either Decatur or West Paducah, Kentucky. *Id.* Ex. C pg. 1. Accordingly, at Plaintiffs' request, Siemens agreed to terminate the 2007 ESA and Project License Agreement, in mutual agreement that the parties had fulfilled all of their respective obligations under those contracts. *Id.* Ex. C, §2. The 2010 Completion Agreement also provided a mutual release, as follows:

> **2. Termination of the ESA and of the License**
> As a result of the above mentioned statements and declarations, the ESA and the License shall terminate and, except as otherwise explicitly provided herein, **neither of the Parties shall have ground for any claim under the ESA, the License and/or any theory of law against the other.**

*Id.* Ex. C, §2. (Emphasis added.)

Simultaneously with the 2010 Completion Agreement, Secure and Siemens entered into a new 2010 License and Service Agreement based on Plaintiffs' then-existing plans. Morehead Decl. ¶8, Ex. D. But those plans also fizzled out. *Id.* ¶9.

By 2012, Plaintiffs had entirely abandoned Decatur, Illinois. Instead, Plaintiffs told Siemens that they planned to build a coal-to-methanol plant in West Paducah, Kentucky. Morehead Decl. ¶9, Ex. E. So, the parties entered into a new 2012 Completion Agreement in which they again mutually released any claims under any theory of law and terminated the 2010 License and Service Agreement. *Id.* Ex. E §2. Simultaneously, the parties entered into the 2012 License and Service Agreement, to further Plaintiffs' stated intention to proceed with a new energy plant in West Paducah, Kentucky. *Id.* ¶10. The 2012 License and Service Agreement, for the Kentucky plant, is the only relevant, operative agreement between the parties. Dkt. No. 1-2 (Complaint) at ¶14; Morehead Decl. ¶¶4-10.

Notably, Plaintiffs could not progress with their hoped-for Kentucky plant, either. The 2012 License and Service Agreement required C2L to make license fee payments on Feb 28, 2013 and Dec 31, 2015. Morehead Decl. ¶10. C2L made neither payment because, according to C2L, it was on the brink of bankruptcy. *Id.*

In light of Plaintiffs' apparently dire financial straits, they explored selling the coal gasification equipment to a third party in 2014 and 2015. Morehead Decl. ¶¶11-12. Siemens agreed to help. *Id.* To that end, on July 28, 2014, Siemens and Secure entered into a Marketing Agreement in which Siemens agreed to provide performance guarantees to a third party buyer under a new license agreement. *Id.* Ex. F. That way, the buyer would be assured it would have access to the same license and engineering services as C2L. *Id.* Plaintiffs failed to find any buyer for the equipment. With Siemens' assistance, Plaintiffs did enter into a three-way non-disclosure agreement with a potential buyer in May 2015, but nothing came of the effort. *Id.*

With no license payments having been made to Siemens by C2L, Siemens terminated the 2012 License and Service Agreement on February 17, 2016, and invoiced C2L for its unpaid fees. Morehead Decl. ¶¶13-14. As a result of C2L's failure to pay its license fees on schedule and the termination, C2L currently owes Siemens approximately $12.7 million. *Id.* Siemens anticipates that it will pursue its claims for those fees in the course of this action.

**B.     The Important Witnesses Are In The Middle District of Florida**

Although it is early in the case, Siemens also anticipates that evidence at trial will consist of witnesses and documents from Secure, C2L, and Siemens, plus at least two non-party witnesses (Wolfgang Streer and Bob Schulte) who reside in the Middle District of Florida and cannot be compelled to testify at trial in the Southern District of Illinois. The key witnesses identified thus far, and a description of what their testimony will entail, are as follows:

| Name and Affiliation | Connection to Case | Description of What Testimony Will Entail | Location |
|---|---|---|---|
| Harry Morehead | Siemens' Senior Regional Manager, New Generation Sales; signatory to the operative 2012 License and Service Agreement | Negotiation, execution, and performance of the operative 2012 License and Service Agreement; Siemens' ability to continue performance; Siemens' work on coal gasification for other Siemens customers | Middle District of Florida |
| Ian Campbell | Siemens' Senior Project Manager | Performance of the operative 2012 License and Service Agreement; Siemens' ability to continue performance; Siemens' work on coal gasification for other Siemens customers | Middle District of Florida |
| Mark Confer | Siemens' Director of Marketing | The business development plan for Siemens' gasification business and Siemens' technology licensing and commercialization. | Middle District of Florida |
| Rolf Ruesseler | Siemens' global head of coal gasification business | Negotiation, execution, and performance of the operative 2012 License and Service Agreement; Siemens' ability to continue performance; Siemens' work on coal gasification for other Siemens customers; Siemens' decision to stop selling new equipment and wind down business | Germany |
| Jack Kenny | Secure's and C2L's founder and principal | Secure Energy's business, including its inability to progress with West Paducah-based plant. | Eastern District of Missouri (St. Louis) |
| Wolfgang Streer (non-party witness) | Former Siemens Frameowner for Gasification services | The parties' commercial relationship before they | Middle District of Florida |

|  | (left Siemens in 2012); former consultant to Secure Energy | entered into the 2012 License and Service Agreement; may also have knowledge of Secure Energy's business, including its inability to progress with West Paducah-based plant. |  |
|---|---|---|---|
| Bob Schulte (non-party witness) | Former Siemens project manager (left Siemens in 2014) | The parties' commercial relationship before and after they entered into the 2012 License and Service Agreement; may also have knowledge of Secure Energy's business, including its inability to progress with West Paducah-based plant. | Middle District of Florida |

Morehead Decl. ¶¶17-19; Dkt. No. 1-2 Ex. 1 at p. 46.

On the other hand, Siemens is not aware of any material witness located in the Southern District of Illinois. *Id.* ¶19. In their Complaint, Plaintiffs mention a single company, Murray Energy, which supposedly contracted with Plaintiffs to supply coal from its mine in Galatia, Illinois for Plaintiffs' anticipated use in their energy plant. Compl. ¶17. Murray Energy is not a local resident of this District – it is an Ohio corporation with its principal place of business in Ohio. Daire Decl. Ex. B. Plaintiffs fail to allege whether the Murray Energy supply contract was for the planned Decatur plant or is for the planned West Paducah plant. If the supply contract was for the Decatur plant, it is irrelevant to this dispute since Plaintiffs' abandoned their Decatur site and entered into the Completion Agreement with Siemens with respect to that project. And even if the supply contract is for the West Paducah plant, Plaintiffs fail to allege (and cannot show) that Murray Energy is a witness as to Plaintiffs' assertions of breach of contract and fraud against Siemens. Nor is there any evidence that Murray Energy would fail to

cooperate with Plaintiffs if its testimony ever proved to be relevant.

In summary, most if not all of the material witnesses are located in forums other than this District. Further, at least two non-party witnesses could not be compelled to testify at trial in the Southern District of Illinois.

## II.    ARGUMENT AND AUTHORITIES

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. §1404(a). A transfer is proper if: (1) venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is in the interest of justice. *Forcillo v. LeMond Fitness, Inc.*, 220 F.R.D. 550, 552 (Reagan, J.) (S.D. Ill. 2004) (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)). The movant must establish by reference to particular circumstances that the transferee district is more convenient. *Coffey*, 796 F.2d at 220. The District Court has broad discretion to grant or deny motions to transfer. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

The case here should be transferred since: (i) the action could have been filed in the Middle District of Florida; (ii) Plaintiffs' choice of forum is not entitled to deference; (iii) the Middle District of Florida is clearly a more convenient forum; (iv) this District has no interest in or connection to the dispute; and (v) the Middle District of Florida has a superior local interest in resolution of the dispute.

### A.    The Case Could Have Been Brought In The Middle District Of Florida

Venue is proper in the Middle District of Florida. Siemens has its principal place of business in Orlando, Florida, so it is a citizen of the State of Florida with its headquarters situated in the Middle District of Florida. Morehead Decl. ¶2.

**B.     The Private Factors Favor Transfer To The Middle District Of Florida**

The second prong of a Section 1404(a) analysis requires consideration of: (1) the plaintiff's choice of forum, (2) the location of the parties and witnesses, (3) the ease of access to sources of proof, and (4) the situs of material events. *Forcillo,* 220 F.R.D. at 552 (Reagan, J.) (citations omitted).

**Plaintiffs' Choice Of Forum Is Not Entitled To Deference.** Plaintiff's choice of forum is not entitled to any special weight unless it is plaintiff's resident forum. *See id.* (granting motion to transfer; non-resident's choice of forum "simply another factor in the mix and is not given any additional weight"). If a plaintiff resides elsewhere, its choice is not entitled to deference unless its chosen forum has a strong connection with the operative facts giving rise to the claim. *Valero Mktg. & Supply Co. v. Southcap Pipe Line Co.*, No. 06-CV-0623-MJR, 2007 WL 2229866, at *2 (Reagan, J.) (S.D. Ill. Aug. 2, 2007)

In this case, Plaintiffs' choice of forum is entitled to little weight because the Southern District of Illinois is not their home forum. Plaintiffs are each Nevada corporations with their principle place of business in Clayton, Missouri. Dkt. No. 1-2 ¶¶1-2. Further, even as alleged by Plaintiffs, there is no connection between the operative facts giving rise to Plaintiffs' claims about its hoped-for West Paducah, Kentucky plant and the Southern District of Illinois. *Id.* ¶4.

**The Middle District Of Florida Is More Convenient For Witnesses.** The next consideration is the convenience of the witnesses, which is the most important factor in the transfer balance. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F.Supp.2d 821, 834 (N.D. Ill. 1999). In analyzing this factor, courts look to the nature and quality of the witnesses' testimony with respect to the issues, not just the number of witnesses in each venue. *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1167 (N.D. Ill. 1995). The Court must also consider whether these witnesses will be subject to compulsory process and the cost to obtain attendance of willing

witnesses. *Hanley v. Omarc*, 6 F.Supp.2d 770, 774 (N.D. Ill. 1998).

In this case, Siemens has identified seven witnesses, five of whom are located in the Middle District of Florida and are material witnesses. Harry Morehead, the regional head of Siemens' coal gasification business and the signatory to the operative 2012 License and Service Agreement; Ian Campbell, Siemens' Senior Project Manager for Siemens' technology license to C2L; Mark Confer, Siemens' Director of Marketing with knowledge of Siemens' coal gasification technology licensing and commercialization; Wolfgang Streer, a former Siemens employee who later consulted for Secure; and Bob Schulte, a former Siemens Project Manager with oversight of the 2012 License and Service Agreement. Morehead Decl. ¶17. Two of those witnesses, Mr. Streer and Mr. Schulte, no longer work for any party and cannot be compelled to testify at trial in this District. *Id.* On the other hand, Siemens does not anticipate that any witnesses who reside in the Southern District of Illinois will need to be called to testify in this matter. Id. ¶19. This most important factor weighs heavily in favor of transfer.

**The Convenience Of The Parties Is Neutral.** As for the convenience of the parties, the Middle District of Florida clearly is more convenient for Siemens since it is its principal place of business. The Southern District of Illinois is arguably more convenient for Plaintiffs, who have their principal place of business in Clayton, Missouri. Daire Decl. Ex. C. But the Middle District of Florida, which is approximately a two-hour flight from St. Louis, Missouri, is not unduly inconvenient for Plaintiffs. This factor is neural.

**Access To Proof Weighs In Favor Of Transfer.** The third factor concerns the relative ease of access to proof in the transferor and transferee districts. Siemens' project management over the Secure/C2L relationship involved its Orlando, Florida office, in the Middle District of Florida. Morehead Decl. ¶¶15-16. By contrast, there are no relevant documents in the Southern

- 9 -

District of Illinois. *Id.* Neither Plaintiff conducts its business in this District, nor do either have any offices in this District and thus no sources of proof are located in this District. Daire Decl. Ex. C. The location of Secure's long abandoned Decatur facility in the Central District of Illinois should play no role in resolving this dispute: that was merely a limited-time concept that Secure jettisoned and it never manifested any documents, witness, or other evidence in this District. This factor weighs in favor of transfer.

**The Situs Of Material Events Favors Transfer.** "[I]n a breach of contract case, the situs is where the business decisions causing the breach occurred...." *J. Wilderman Autoplex Corp. v. Norton*, No. 09-CV-0154-MJR, 2009 WL 1230016, at *3 (S.D. Ill. May 1, 2009) (Reagan, J.) (citations omitted). Since Plaintiffs' plan was to build in West Paducah, Kentucky, the 2012 License and Service Agreement was neither made nor to be performed in this District. Compl. ¶14. Moreover, Siemens maintain no facilities, distributors, or business operations in this District. Morehead Decl. ¶16. Instead, Siemens' relevant operations are conducted in the Middle District of Florida. *Id.* ¶15. Specifically, all decisions regarding sales and marking of coal gasification equipment and project management involve Siemens' Orlando, Florida offices. *Id.* This favor weighs in favor of transfer.

### C.   The Public Factors Weigh In Favor Of Transfer To The Middle District Of Florida

The third prong of Section 1404(a) analysis relates to whether transfer promotes the interest of justice. It requires consideration of the "efficient functioning of the courts," not the merits of the underlying dispute. *Coffey*, 796 F.2d at 221. Factors traditionally considered in the interest of justice analysis include the transferee court's familiarity with applicable law and the congestion of both courts' dockets. *Id.* For instance, the interest of justice may be served by transfer to a district where the parties will receive a more speedy trial or where jurors have a

financial interest in the case. *Id.*

This District and the Middle District of Florida are equally familiar with and capable of resolving questions of contract interpretation under New York law. If interpretation of the Marketing Agreement between Secure and Siemens becomes relevant, that favors transfer since the Marketing Agreement contains a Florida choice-of-law provision. Morehead Decl. Ex. F pg. 2.

In addition, there is no real difference in time to trial. In this case, the Court has set a presumptive trial date for December 18, 2017, 17 months after Plaintiffs' initiated the action. The median time to trial in the Middle District of Florida (20.8 months) is comparable to the Court's tentative schedule here. Daire Decl. Ex. A. And in the Middle District of Florida, the median time from filing to disposition for all cases is a speedy 7.9 months. *Id.* There is no significant difference in time to trial between this District and the Middle District of Florida.

What tips the public interest scales in favor of transfer is the respective local interests in the dispute. The Middle District of Florida has a strong local interest because the conduct of one of its corporate residents has been called into question by Plaintiffs. The Middle District of Florida also has a strong interest in adjudicating the counterclaims of one of its corporate residents. The Southern District of Illinois, on the other hand, has no particular interest in adjudicating a dispute that involves none of its citizens, and which is grounded in a contract – the 2012 License and Service Agreement – that was not entered into in this District and not to be performed, in whole or in part, in this District.

### III. CONCLUSION

The Middle District of Florida is the more convenient forum for resolution of Plaintiffs' Complaint and Siemens' anticipated counterclaims, and the action should be transferred there.

Dated:  September 20, 2016               Respectfully submitted,


By: /s/ William J. Knapp
    WILLIAM J. KNAPP, #06191199
    JESSICA A. BRASEL, #06284709
    Knapp, Ohl & Green
    6100 Center Grove Road
    P.O. Box 446
    Edwardsville, IL 62025
    Telephone:  (618) 656-5088
    Fax:  (618) 656-5466
    Email:  wjk@knappohlgreen.com
            jbb@knappohlgreen.com
            and
    Scott D. Baker (admitted pro hac vice)
    Email:    sbaker@reedsmith.com
    James A. Daire (admitted pro hac vice)
    Email:    jdaire@reedsmith.com
    Paul Sousa (admitted pro hac vice)
    Email:    psousa@reedsmith.com
    REED SMITH LLP
    101 Second Street
    Suite 1800
    San Francisco, CA  94105-3659
    Telephone: +1 415 543 8700
    Facsimile: +1 415 391 8269

    *Counsel for Siemens Energy, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

John F. Cooney
Danna McKitrick, P.C.
7701 Forsyth Boulevard, Suite 800
St. Louis, MO 63105-3907
jcooney@dmfirm.com

                    Respectfully submitted,

By: /s/ William J. Knapp
     WILLIAM J. KNAPP, #06191199
     JESSICA A. BRASEL, #06284709
     Knapp, Ohl & Green
     6100 Center Grove Road
     P.O. Box 446
     Edwardsville, IL 62025
     Telephone: (618) 656-5088
     Fax: (618) 656-5466
     Email: wjk@knappohlgreen.com
              jbb@knappohlgreen.com
         and
     Scott D. Baker (admitted pro hac vice)
     Email: sbaker@reedsmith.com
     James A. Daire (admitted pro hac vice)
     Email: jdaire@reedsmith.com
     Paul Sousa (admitted pro hac vice)
     Email: psousa@reedsmith.com
     REED SMITH LLP
     101 Second Street
     Suite 1800
     San Francisco, CA 94105-3659
     Telephone: +1 415 543 8700
     Facsimile: +1 415 391 8269

*Counsel for Siemens Energy, Inc.*