UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIDAMERICA C2L INCORPORATED, a Nevada corporation; and SECURE ENERGY, INC., a Nevada corporation,

    Plaintiffs,

v.

SIEMENS ENERGY, INC., a Delaware corporation,

    Defendant.

Case No. 6:17-cv-171-Orl-18KRS

**ORDER**

Plaintiffs MidAmerica C2L Incorporated and Secure Energy, Inc.'s ("Plaintiffs") and Defendant Siemens Energy, Inc. ("SEI") (collectively "the parties") have agreed to a protocol for the collection and production of electronically stored information ("ESI"). Doc. No. 114. The parties may proceed under their agreed protocol without the necessity of incorporating it into a Court order.

The Court will, however, issue an order pursuant to Federal Rule of Evidence 502(d). Accordingly,

It is **ORDERED** as follows:

1.    Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

2. The mere production of ESI in this litigation as part of a mass production shall not itself constitute a waiver for any purpose. The Parties agree there is no need to demonstrate that the disclosure was inadvertent or that reasonable steps were taken to prevent such disclosure. Further, performing keyword searches as a privilege screen prior to production of documents constitutes "reasonable steps to prevent disclosure" as that term is used in Federal Rule of Evidence 502(b).

3. Any party or non-party who inadvertently discloses material that is privileged or protected (including, but not limited to, the attorney-client privilege, the work-product protection or the joint defense/common interest privilege) will not be deemed to have waived any applicable privileges or protection, pursuant to Fed. R. Evid. 502(d).

4. Upon discovery of an inadvertent disclosure of privileged material, a party or non-party shall promptly advise all receiving parties and request that the inadvertently produced material be returned. The receiving parties shall return or destroy such inadvertently produced material, including all copies, within 7 days of receiving such a written request. The receiving parties shall retrieve the information if it was disclosed prior to notification, and must not use or disclose the information until the claim is resolved. The parties returning such inadvertently disclosed material may thereafter seek re-production of any such material pursuant to applicable law by making a motion within 14 days.

5. The burden of proving the existence of a privilege or protection rests on the party or non-party asserting the privilege or protection. Privilege and protection assertions

shall be made simultaneously with each production of ESI[1] in the manner required by my Standing Order on Privilege Logs, www.flmd.uscourts.gov – Judicial Info – Orlando Judges – Magistrate Judge Spaulding – Standing Orders ("Standing Order on Privilege Logs").  If an objection is raised to an asserted privilege or protection, the party claiming the privilege or protection must support the claim with legal authority and evidence as required by the Standing Order on Privilege Logs.

**DONE** and **ORDERED** this 22nd day of January, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[1] If the parties agree to production on a rolling basis, privilege logs must be served with each production of ESI.  A party may not delay providing a privilege log until the rolling production is completed.