# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MIDAMERICA C2L INCORPORATED**
**and SECURE ENERGY, INC.,**

      **Plaintiffs,**

**v.**                                                    **Case No:   6:17-cv-171-Orl-40KRS**

**SIEMENS ENERGY, INC.,**

      **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**   (Doc. No. 133)
>
> **FILED:**     December 28, 2018
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

## I.   BACKGROUND.

Plaintiffs initiated this lawsuit in Illinois state court in July 2016.   Doc. No. 1-2.   Defendant removed the case to federal court on August 26, 2016 (Doc. No. 1), and the case was transferred to this Court on February 1, 2017 (Doc. Nos. 31–33).   The operative pleading is Plaintiffs' amended complaint, which was filed on April 21, 2017.   Doc. No. 63.   Plaintiffs assert several causes of action against Defendant, including breach of contract; breach of warranty of fitness for a particular purpose; fraudulent misrepresentation - failure to disclose defects in technology; rescission - fraud;

and rescission - failure of consideration.  Doc. No. 63.[1]

On May 18, 2017, the Court issued the Case Management Scheduling Order ("CMSO"), which established June 1, 2017 as the deadline for amending the pleadings.  Doc. No. 69.  The Court has twice amended the CMSO, but neither of the amendments changed the deadline for amending the pleadings.  *See* Doc. Nos. 89, 129.  The second amended CMSO establishes a dispositive motions deadline of February 1, 2019, and a discovery deadline of February 8, 2019.  Doc. No. 129.

On December 28, 2018, over a year and a half after the deadline for amending pleadings passed, Plaintiffs filed the above-captioned motion seeking leave to file a second amended complaint.  Doc. No. 133.  Plaintiffs seek to "conform Plaintiffs' Complaint with information and evidence Plaintiffs have ascertained through the discovery process, including through review of a massive number of documents produced by Defendant and by taking the depositions of current and former Siemens employees, including as recently as December 11-12, 2018."  *Id.* at 4 ¶ 6.  Plaintiffs seek to include new factual allegations in the second amended complaint, as well as to assert additional legal theories of recovery.  *Id.* at 5; Doc. No. 133-1.[2]

Defendant opposes the motion.  Doc. No. 135.  It argues that Plaintiffs have failed to demonstrate good cause to justify amendment of the complaint, Plaintiffs did not act diligently in seeking amendment, and amendment would cause undue prejudice.  *Id.* at 6.

---

[1] After Defendant filed a motion to dismiss, Plaintiffs voluntarily dismissed Count III of the complaint: "fraudulent misrepresentation - Siemens' support of project."  *See* Doc. No. 74, at 5.

[2] I have also considered the arguments in Plaintiff's motion for leave to file a reply memorandum.  Doc. No. 136.  Those arguments do not change the analysis in this order and, accordingly, the motion for leave to file a reply memorandum will be denied by separate order.

**II.     ANALYSIS.**

Plaintiffs rely on Federal Rule of Civil Procedure 15 to support amendment. However, when, as here, a motion for leave to amend pleadings is filed after the deadline established by the Court in the CMSO, the movant must first show good cause for the belated request under Federal Rule of Civil Procedure 16(b)(4). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). "Only after the movant has established this good cause requirement can a court determine whether amendment would be proper under Federal Rule of Civil Procedure 15." *Idoni v. Ungurean*, No. 6:14-cv-102-Orl-41GJK, 2015 WL 12830471, at *2 (M.D. Fla. Dec. 4, 2015) (citing *Sosa*, 133 F.3d at 1419); *see also Moyer v. Walt Disney World Co.*, 146 F. Supp. 2d 1249, 1252 (M.D. Fla. 2000) ("No diligence, no good cause, no leave to amend."). Plaintiffs do not address the requirements of Rule 16(b)(4) in the motion, and the facts presented by the parties show that good cause does not exist to permit the belated amendment of the complaint.

Plaintiffs state that "[s]ince the filing of the First Amended Complaint, Defendant produced to Plaintiffs nearly 159,000 documents totaling approximately 250,000 pages in response to Plaintiffs' Requests for Production," which has required "a considerable amount of time and effort to review those documents in a meaningful way." Doc. No. 133, at 4. They also state that many of the documents were written in German and required a substantial amount of time to translate. *Id.* at 5. I note that the First Amended Complaint was filed on April 21, 2017, Doc. No. 63, which was well after the date on which discovery could begin in the case. *See, e.g.,* Doc. No. 26. Plaintiff have not shown why they could not have earlier requested the documents they refer to in the motion. I also note that the breadth of the document production was directly related to the breadth of Plaintiffs' discovery requests. When a party asks for voluminous information, it must

assign the necessary personnel to review the responsive information so that it may complete the review in time to comply with deadlines established by the Court.

Plaintiffs also state that they have recently completed depositions of key defense witnesses, which has "yielded significant information relevant to Plaintiffs' claims against Defendant." Doc. No. 133, at 5. However, as Defendant argues, Plaintiffs do not point to any specific testimony from the depositions that relates to their proposed amended complaint, nor do they explain why any information obtained in those depositions could not have been obtained sooner. *See S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3 (11th Cir. 2009) (per curiam) ("[L]ack of diligence can include a plaintiff's failure to seek the information it needs to determine whether an amendment is in order.").

This case was filed on August 26, 2016. Doc. No. 1. Discovery closes on February 1, 2019, and dispositive motions are due on February 8, 2019. Doc. No. 129, at 1. Permitting amendment of the complaint at this late stage of the litigation would necessarily impair the parties' ability to comply with the future deadlines in the second amended CMSO and impair the Court's ability to resolve dispositive motions before the trial, which is scheduled to begin in June 2019. In sum, Plaintiffs have not demonstrated good cause under Rule 16(b)(4) to support amendment of the complaint over a year and a half after the deadline for amending pleadings. *See, e.g.*, *Estate of Washington v. Carter's Retail, Inc.*, No. 3:10-CV-1136-J-32TEM, 2011 WL 2731291, at *2 (M.D. Fla. July 13, 2011) (collecting cases and noting that courts "in both the Eleventh Circuit and in the Middle District of Florida have held that the moving party failed to establish good cause, and was

- 5 -

not diligent, when an extension of time to amend the pleadings was sought months after the filing deadline had passed").

**DONE** and **ORDERED** in Orlando, Florida on January 17, 2019.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE