UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MIDAMERICA C2L INCORPORATED, a Nevada corporation; and SECURE ENERGY, INC., a Nevada corporation,<br><br>    Plaintiffs/Counter-Defendant,<br><br>v.<br><br>SIEMENS ENERGY, INC., a Delaware corporation,<br><br>    Defendant/Counter-Plaintiff. | Case No. 6:17-cv-171-Orl-40LRH<br><br>**Dispositive Motion** |

**SIEMENS ENERGY, INC.'S MOTION FOR RECONSIDERATION OF ORDER DENYING IN PART SIEMENS' SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

**Motion**

Defendant Siemens Energy, Inc. ("Siemens"), pursuant to Rule 54 of the Federal Rules of Civil Procedure, hereby submits this Motion for Reconsideration of the Court's denial of its Motion for Summary Judgment on Siemens' counterclaim for breach of contract. (Doc. 208 at 11-12). Pursuant to Local Rule 3.01(g), on the morning of October 30, 2019, Siemens' counsel conferred with MidAmerica C2L's counsel regarding this Motion via telephone. During the call, MidAmerica C2L's counsel indicated that C2L opposes this Motion. Therefore, Siemens files this motion seeking reconsideration and for summary judgment of Siemens' counterclaim for breach of contract.

I.  **INTRODUCTION**

Siemens respectfully requests that the Court reconsider its Order denying Siemens' Motion for Summary Judgment on its breach of contract counterclaim. The counterclaim is based on Counter-Defendant MidAmerica C2L's ("C2L") failure to pay the termination fee as required under the terms of the parties' 2012 License and Service Agreement. The only available defense C2L asserted in opposition to Siemens' motion was that C2L's performance was excused by Siemens' alleged repudiation of the parties 2012 License and Service Agreement.[1]

In its October 15, 2019 Order granting Siemens' Motion for Summary Judgment on Count I of Plaintiffs' First Amended Complaint ("Summary Judgment Order"), the Court determined that C2L's breach of contract claim based on Siemens' alleged anticipatory repudiation fails on two separate grounds. (Doc. 208.) The first was on causation, where the Court found that C2L "would have incurred the losses they are claiming as contract damages whether or not [Siemens] breached the agreement." (*Id.* at 11.) As for the second ground, the Court found that C2L failed to prove that it was "ready, willing, and able" to perform its obligation to pay license fees due under the parties' agreement. (*Id.* at 11-12.) However, when the Court turned to Siemens' motion for summary judgment on its counterclaim, it ruled that Siemens could not rely on Secure Energy and C2L's inability to prove an essential element of their claim on Siemens' own distinct counterclaim for breach of contract. (*Id.* at 13.) The Court also noted that Siemens "even admits that '[w]hether or not [Defendant's] repudiation

---

[1] The other alleged defenses, including rescission, fraud and breach of warranty, have already been decided against C2L with the Court's prior Summary Judgment Order. (Doc. 203.)

occurred is a triable issue."[2] (*Id.* citing Doc. 149, p. 20 n. 18.)

Siemens takes issue with the Court's ruling because "ready, willing and able" is an essential element to C2L's defense, and therefore, the Court has already determined that C2L's defense – like its affirmative claim – should be rejected as a matter of law. Accordingly, summary judgment should be granted because there are no factual disputes about the satisfaction of the elements of Siemens' claim – a valid agreement, Siemens' performance, C2L's failure to pay the license fees under the agreement, Siemens' termination and invoice for the termination fee, and C2L's failure to pay the termination fee – and there are no disputes about the failure of C2L's sole affirmative defense.

The New York Pattern Jury Instructions confirm that the "ready, willing and able" element is essential whether a party is asserting anticipatory repudiation offensively as part of a claim for damages or as an affirmative defense to excuse non-performance. New York Pattern Jury Instructions ("NY PJI") 4.1.2 & 4.1.3, attached hereto as Exhibit A at pp. 26-28. Jury Instruction No. 4.1.3 entitled "Contracts—Anticipatory Repudiation—Relief from Obligation to Perform [Supplemental Instruction]" provides in relevant part (emphasis added):

> **To excuse (his, her, its) failure to perform (his, her, its) obligations under the contract to AB, CD has the burden of proving**, by a preponderance of the evidence, (1) that AB repudiated the contract in advance by clearly and unconditionally indicating, through words or actions or both, that (he, she, it) would not or, as a result of (his, her, its) voluntary actions, could not do what AB was required to do under the contract, **and (2) that CD was ready, willing**

---

[2] As to this issue, Siemens' comment was limited to the issue of a single element of the anticipatory breach doctrine – namely, that the party asserting the doctrine show a "clear and unconditional" indication that a party will not, or cannot, do what it is required to do under the contract. Siemens did not raise this element in support of summary judgment because there was arguably conflicting evidence (at least there was at that point, before the parties stipulated to material facts (D.N. 169)). But Siemens nowhere conceded that the *doctrine* of anticipatory breach was a triable issue (if it had, Siemens would not have moved for summary judgment in the first place). Instead, Siemens focused on the undisputed evidence that Plaintiffs were not "ready, willing and able," a requirement of C2L's only surviving defense under governing New York law.

**and able to perform (his, her, its) obligations under the contract**.

Thus, as a matter of law, the Court's finding that C2L cannot prove the "ready, willing, and able" element of anticipatory repudiation also precluded C2L's only defense to Siemens' counterclaim – i.e., excuse for non-performance based on Siemens' alleged anticipatory repudiation (which was the only basis on which C2L asserted that Siemens breached). In other words, here, the issue of "who breached first" does not present disputed facts that could defeat summary judgment. New York law requires two elements to be proven for the defense of anticipatory repudiation to excuse C2L's non-performance: (1) that Siemens clearly and unconditionally indicated it would not perform under the contract; and (2) that C2L was ready, willing, and able to perform but for the breach. Based on the Court's prior ruling, regardless of whether there are any issues of fact with respect to the first element, C2L cannot possibly establish the second element, and therefore the defense fails as a matter of law.

Because correct application of New York law should have resulted in summary judgment in favor of Siemens on its counterclaim, Siemens respectfully requests that the Court reconsider its denial of summary judgment and grant summary judgment in Siemens' favor on its counterclaim.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The complete relevant factual and procedural background of this case is reflected in the Court's prior Orders on summary judgment (Docs. 203, 208), but a few facts warrant emphasis here. In its Summary Judgment Order, the Court granted summary judgment in Siemens' favor on Plaintiffs' Count I for Breach of Contract, which was based on Siemens' alleged anticipatory repudiation of the 2012 License and Service Agreement. The Court found that

C2L failed to establish both: (1) the necessary causal link between C2L's claimed damages and Siemens' alleged repudiation (Doc. 208 at 9-11 (Plaintiffs failed to "prove that their damages resulted from Defendant's alleged conduct.")); and (2) that C2L was "ready, willing, and able to perform [its] obligations under the contract when [its] performance would have been due." (Doc. 208 at 11, 12.) Specifically, the Court held that:

> [C2L's] performance was simply not possible. [C2L's] project was set to fail before any of [Siemens'] alleged conduct occurred . . . . [C2L has] not – **and cannot** – prove that [it was] able to perform under the contract had [Siemens] not allegedly breached its obligations. *Id*. (emphasis added).

But after granting summary judgment in Siemens' favor on C2L's contract claim, the Court then denied Siemens' counterclaim for breach of contract based on C2L's failure to pay the termination fee invoiced by Siemens. With regard to that counterclaim, C2L did not dispute that: (1) C2L never made the license payments under the 2012 License and Service Agreement on or before the dates they were due, February 28, 2013 and December 31, 2015 or after receiving a written demand for payment (*see* Doc. 149-7 at p. 70-71), (2) Siemens terminated the agreement as a result of Secure's failure to pay and invoiced C2L for the contractual termination fee of €11,481,600.00 (*id*.), and (3) C2L never paid the termination fee either. (*see* Doc. 149-2 at p. 52). C2L's only opposition to Siemens' motion was its affirmative defense that its performance was "excused" by Siemens' alleged prior breach – that is, according to C2L, Siemens' alleged anticipatory repudiation of the agreement relieved C2L from its obligation to pay under the agreement. (*See* Doc. 202 at 5-6 (C2L arguing that its obligation never came due because Secure "rescinded" the parties' contracts based on alleged repudiation by Siemens; and arguing that "fact disputes exist as to whether or not Siemens materially breached its contracts, thereby relieving Secure of its duty to perform"), 3-4 (describing the

alleged anticipatory repudiation of the agreement as the only alleged material breach by Siemens)).

In its Summary Judgment Order as to Siemens' counterclaim, the Court found open issues concerning "which party breached" the agreement and concluded that C2L's inability to prove an essential element of its claim for anticipatory repudiation/breach of contract had no impact on whether Siemens should be granted summary judgment on its counterclaim for breach of contract. (Doc. 208 at 12-13). If the "essential element" was only the Court's ruling on causation, then Siemens would agree with the result, which would require a trial of certain issues on its counterclaim. But because "ready, willing and able" is an essential element of C2L's defense as well as its affirmative claim – that element has been ruled out as a matter of law. The Court's ruling on this second element eliminated C2L's ability to prove that Siemens repudiated the agreement. And C2L simply has no other way to prove at trial that, somehow, Siemens is the party that breached the contract. The Court's ruling would be erroneous if left unchanged.

## III. LEGAL ANALYSIS

### A. The Court Has Discretion To Reconsider Its Prior Order and Grant Summary Judgment In Siemens' Favor

Rule 54(b) permits the Court to revise interlocutory orders "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. Proc. 54(b). The denial of a summary judgment motion is an interlocutory order, reconsideration of which is governed by Rule 54(b). *Infinite Energy, Inc. v. Econnergy Energy Co., Inc.*, 2010 WL 11518548 at *1, 3, 4 (N.D. Fla. 2010) (reconsidering under Rule 54(b) denial of summary judgment in breach of contract and fraud case, granting summary

judgment); *see American Stone Diamond, Inc. v. Lloyds of London*, 934 F.Supp. 839, 841-2, 843 (S.D. Tex. 1996) (reconsidering under Rule 54(b) denial of summary judgment on state law contract claim, granting summary judgment).

"While Rule 54(b) does not provide specific grounds for revision, a court has the inherent power to revise its orders in the interest of justice." *CSX Transp., Inc. v. City of Pensacola, Fla.*, 936 F. Supp. 885, 889 (N.D. Fla. 1995). Courts in this Circuit recognize three grounds for reconsideration of prior orders under Rule 54(b): (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice. *Iqbal v. Dep't of Justice*, 2014 WL 169867, at *9 n.18 (M.D. Fla. 2014); *see Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.*, 12 F.Supp.2d 1306, 1308, 1310 (M.D. Fla. 1998) (reciting standard, granting motion for reconsideration); *United States v. Green*, 2016 WL 2866567 at *1 (M.D. Fla. 2016) (articulating Rule 54(b) standard). "District courts are afforded substantial discretion in ruling on motions for reconsideration" under Rule 54(b). *Infinite Energy*, 2010 WL 11518548 at *1, *citing Fleet Global Servs., Inc. v. Republic Western Ins. Co.*, 2007 WL 1201295 (M.D. Fla. 2007).

Here, reconsideration of the Court's denial of Siemens' motion for summary judgment on its counterclaim is necessary to correct clear error and prevent manifest injustice.

**B.   The Court's Finding that C2L Was Not Ready, Willing and Able to Perform Its Contractual Obligations Precludes C2L's Only Asserted Defense to Siemens Counterclaim, and Summary Judgment Should Be Granted**

Under New York law, the party asserting anticipatory repudiation as an excuse for not performing its contractual obligations has the burden of proving the defense. *See* New York Pattern Jury Instructions ("NY PJI") 4.1.3; *see also Tradax Energy, Inc. v. Cedar*

*Petrochemicals, Inc.*, 317 F.Supp.2d 373, 377 (S.D.N.Y.2004) ("The party asserting the anticipatory repudiation bears the burden of persuasion."); *Record Club of America, Inc. v. United Artists Records, Inc.,* 890 F.2d 1264, 1275 (2d Cir.1989). Indeed, the burden of establishing anticipatory repudiation falls upon the party asserting it regardless of whether the doctrine is asserted defensively, as here, to excuse the party's obligation to perform, or offensively, to form the basis for a damages claim based on material breach by repudiation. *Compare* Exhibit A at p. 26-28, NY PJI 4.1.2 & 4.1.3 (both offensive and defensive jury instructions on anticipatory repudiation impose burden of proof on party asserting doctrine; only offensive jury instruction 4.1.2 includes separate requirement to prove damages/injury).

One of the essential elements of anticipatory repudiation – whether asserted offensively or defensively – is that the party asserting the doctrine must have been "ready, willing, and able" to have performed its obligations when they came due. A leading contract treatise, cited with approval by New York courts, explains that:

> [I]t is essential that the promisor's conduct in repudiating the contract be the cause of the promisee's failure to perform . . . . If the condition would not have occurred in any event, its nonoccurrence is not excused . . . . As one court has said: "Premature repudiation merely excuses subsequent acts which otherwise could have, and presumably would have, been performed."

13 Williston on Contracts § 39:41 (4th ed.) (citations and footnotes omitted) (acknowledging "requirement that the repudiation must have materially contributed to the nonperformance and, thus, that the party facing the repudiation must have had the ability to perform before its nonperformance will be excused . . . ."; also stating that party asserting repudiation must "show that before the repudiation, it was ready, willing, and able to perform and would have rendered that performance had the other party not repudiated."), *cited with approval in Pesa v. Yoma*

*Dev. Group., Inc.*, 18 N.Y.3d 527, 531-32 (N.Y. 2012); *see also United States v. Hon Yee-Chau,* 17 F.3d 21, 26 (2d Cir.1994) (in criminal case involving cooperation agreement (with no damages at issue), holding that party asserting anticipatory breach must show it was "'ready, willing, and able to perform its own obligations under the contract when performance was due.'"), *citing Towers Charter & Marine Corp. v. Cadillac Ins. Co.,* 894 F.2d 516, 523 (2d Cir.1990) (citing New York law in specific performance case); *De Forest Radio Tel. & Tel. Co. v. Triangle Radio Supply Co.,* 243 N.Y. 283, 293, 294 (1926) ("Where one party to a contract repudiates it and refuses to perform, the other party by reason of such repudiation is excused from further performance, or the ceremony of a futile tender. He must be ready, willing and able to perform, and this is all the law requires"; finding defendant/counterclaimant's failure to make payment due to plaintiff/counterdefendant under the contract was excused where the plaintiff had repudiated and the defendant was "ever ready, willing and able to make payment upon retraction by the plaintiff").

The New York Pattern Jury Instructions confirm that the "ready, willing and able" element is essential where, as here, a party asserts repudiation to excuse its failure to perform as a defense to a breach of contract claim, as illustrated in the following excerpts of Jury Instruction No. 4.1.3 entitled "Contracts—Anticipatory Repudiation—Relief from Obligation to Perform [Supplemental Instruction]":

> As you have heard, the **plaintiff AB claims that the defendant CD breached the contract with AB. If you decide that CD breached its contract with AB, you must go on to consider whether CD's breach should be excused because of AB's anticipatory repudiation of the contract**.
> \* \* \*
> **To excuse (his, her, its) failure to perform (his, her, its) obligations under the contract to AB, CD has the burden of proving**, by a preponderance of the evidence, (1) that AB repudiated the contract in advance by clearly and

> unconditionally indicating, through words or actions or both, that (he, she, it) would not or, as a result of (his, her, its) voluntary actions, could not do what AB was required to do under the contract, and (2) **that CD was ready, willing and able to perform (his, her, its) obligations under the contract**.
> * * *
> If you decide (1) that AB did not [*state words or actions that defendant alleges constituted an anticipatory breach*], or (2) that AB's (words, actions) did not clearly or unconditionally indicate that AB would not or, as a result of (his, her, its) voluntary actions, could not do what (he, she, it) was required to do under the contract, **or (3) that CD was not ready, willing and able to perform (his, her, its) obligations under the contract], you will find for AB and you will go on to consider AB's damages for CD's breach of the contract**.

Exhibit A at p. 27-28, NY PJI No. 4.1.3 (Supplemental Instruction) (bold emphasis added).

Notably, where a party asserts anticipatory repudiation as the basis for its own claim for *damages*, the party must prove not only that it was "ready, willing and able" to perform, but *also* that the repudiation caused the claimed injury and damages. But the requirement to prove that the non-repudiating party was "ready, willing and able" to perform its own obligations exists independent from the causal damages requirement and applies regardless of whether anticipatory repudiation is used as a sword to recover damages, or as a shield to excuse the failure to meet a contractual obligation. *See* Exhibit A at pp. 26-28, NY PJI No. 4.1.2 & 4.1.3.

Indeed, the policy behind the ready, willing and able requirement applies in both circumstances. Fundamentally, when asserting an alleged excuse for non-performance of a contract, the excuse must actually have materially contributed to the non-performance (or it is not an excuse). If, absent the repudiation, the nonperforming party was not ready, willing and able to perform, then the repudiation cannot be deemed the real excuse for non-performance. *See* 13 Williston on Contracts § 39:41 (4th ed.) (to excuse nonperformance, "repudiation must have materially contributed to the nonperformance").

Indeed, as set forth in Siemens' motion for summary judgment, the 2012 License and Service Agreement required C2L to pay license fees of €10.93M by February 28, 2013 and €1.25M by December 31, 2015 – for a total of €12.18M – long before C2L alleges Siemens repudiated the contract in February 2016. *See generally,* Doc. 149 at 25, Doc. 199 at 10. Siemens demanded the €12.18M license payment but C2L did not, and could not, pay it at any time. Doc. 149 at 25. As the Court found and Plaintiffs' contemporaneous financial statements confirm, C2L never had the funding necessary to perform under the terms of the agreement. (*See* Doc. 208 at 11-12.) The Court thus properly determined that C2L was not ready, willing, or able to perform its own obligations but for Siemens' alleged repudiation. *Id*. Under the correct application of New York law, the Court's prior finding that Plaintiffs could not establish their *own breach of contract claim* based on anticipatory repudiation because they were not ready, willing, and able to perform their obligations under 2012 License and Service Agreement is necessarily dispositive of C2L's only remaining *defense* to Siemens' breach of contract counterclaim. Because the affirmative elements of Siemens' counterclaim – contract, breach, performance by Siemens, and amount of damages – are undisputed, and because C2L's defense failed as a matter of law, there is no impediment to summary judgment. The Court's denial of summary judgment on Siemens' breach of contract counterclaim should be reconsidered, and summary judgment should be granted.

## IV. CONCLUSION

Based on the foregoing undisputed facts, authority, and arguments, Siemens respectfully requests that the Court grant its Motion for Reconsideration and grant summary judgment in favor of Siemens on its breach of contract counterclaim.

Dated: October 31, 2019

Respectfully submitted,

By: */s/ Jonah D. Mitchell*
Robert W. Thielhelm, Jr.
Florida Bar No. 889679
P. Alexander Quimby
Florida Bar No. 099954
**Baker & Hostetler LLP**
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801-3432
Telephone: 407.649.4000
Facsimile: 407.841.0168
Email: rthielhelm@bakerlaw.com
Email: aquimby@bakerlaw.com

Scott D. Baker (admitted pro hac vice)
Jonah D. Mitchell (admitted pro hac vice)
Christopher J. Pulido (admitted pro hac vice)
**Reed Smith LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: 415.543.8700
Facsimile: 415.391.8269
Email: sbaker@reedsmith.com
Email: jdaire@reedsmith.com
Email: cpulido@reedsmith.com

*Counsel for Siemens Energy, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 31, 2019, a true and correct copy of the foregoing was submitted to the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following listed counsel:

Michael R. Cherba
Robert L. Devereux
Jeffrey R. Schmitt
**Danna McKitrick, P.C.**
7701 Forsyth Blvd., Suite 800
St Louis, MO 63105
Telephone: (314) 726-1000
Fax: (314) 725-6592
Email: mcherba@dmfirm.com
Email: rdevereux@dmfirm.com
Email: jschmitt@dmfirm.com

Walter A. Ketcham , Jr.
**Grower, Ketcham, Eide, Telan & Meltz, PA**
901 N Lake Destiny Rd., Suite 450
PO Box 538065
Orlando, FL 32853-8065
Telephone: (407) 423-9545
Fax: (407) 425-7104
Email: enotice@growerketcham.com


DATED: October 31, 2019.


*/s/ Jonah D. Mitchell*
Jonah D. Mitchell

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 3.01(g), on October 30, 2019, Siemens' counsel conferred with Plaintiffs' counsel regarding this Motion during the parties' in-person meeting. Plaintiffs' counsel has stated his opposition to this Motion.

DATED: October 31, 2019.

*/s/ Jonah D. Mitchell*
Jonah D. Mitchell