**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MIDAMERICA C2L INCORPORATED
and SECURE ENERGY, INC.,

        Plaintiffs,

v.                                    Case No: 6:17-cv-171-Orl-40LRH

SIEMENS ENERGY, INC.,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant/Counter-Plaintiff's Motion for Reconsideration (Doc. 217 (the "**Motion**")), filed on October 31, 2019. Plaintiffs oppose. (Doc. 221). Upon consideration, the Motion is due to be denied.

**I.    BACKGROUND**[1]

Plaintiffs, MidAmerica C2L Incorporated and Secure Energy, Inc., ("**Plaintiffs**"), filed an Amended Complaint on April 21, 2017, asserting five Counts against Defendant:[2] Breach of Contract (Count I); Breach of Warranty of Fitness for Particular Purpose (Count II); Fraudulent Misrepresentation – Failure to Disclose Defects in Technology (Count IV); Rescission – Fraud (Count V); and Rescission – Lack of Consideration (Count VI). (Doc. 63). Defendant counter-sued Plaintiffs for breach of contract arising from Plaintiffs' failure

---

[1] The Court incorporates the factual background as stated its in previous orders on summary judgment (Docs. 203, 208) and restates only those facts as relevant to the instant order.

[2] On September 29, 2017, the Court dismissed Count III after it was voluntarily waived by Secure. (Doc. 74).

to render payment for the 2012 License and Service Agreement as required under the Agreement. (Doc. 75, pp. 20–21). Both parties moved for summary judgment. (Docs. 146, 149).

On July 26, 2019, the Court denied Plaintiffs' motion for summary judgment, granted in part Defendant's motion as to Counts II, IV, V, and VI, and deferred ruling on Count I and its Counterclaim. (Doc. 203). The Court directed the parties to file supplemental briefing advising the Court on the issue of "[w]hether there is evidence in the record that establishes a direct and proximate cause of damages resulting from the alleged breach set forth in Count I of the Complaint." (Doc. 204). The Court further directed the parties to avoid rehashing arguments already addressed in previously-filed briefs and issues already decided in previous orders. (*Id.*). The parties subsequently filed their respective supplemental briefing. (Docs. 206, 207).

On October 15, 2019, the Court granted the remainder of Defendant's motion for summary judgment as to Plaintiff's claims and denied its motion as to its Counterclaim. (Doc. 208). On October 31, 2019, Defendant filed the instant Motion arguing for reconsideration of the Court's order denying its affirmative Motion for Summary Judgment as to its Counterclaim. (Doc. 217).

## II.   DISCUSSION

Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "A motion for

reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted). It is wholly inappropriate in a motion for reconsideration to relitigate the merits of the case or to "vent dissatisfaction with the [c]ourt's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511-T-33TBM, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the court to change its prior decision. *Id.* at *1.

Defendant moves for reconsideration arguing that Plaintiffs "cannot prove the 'ready, willing, and able' element of anticipatory repudiation" and because that is their only defense to Defendant's Counterclaim, the Court was in error in denying Defendant's motion for summary judgment on its Counterclaim. (Doc. 217, p. 4). Defendant claims that "the issue of 'who breached first' does not present disputed facts that could defeat summary judgment." (*Id.*). Defendant asserts that "correct application of New York law should have resulted in summary judgment in favor of [Defendant] on its counterclaim . . . ." (*Id.*).

Defendant does not contend that there has been an intervening change in controlling law or the discovery of new evidence which would warrant the Court reconsidering its Order denying summary judgment as to Defendant's counterclaim. Moreover, although Defendant couches its Motion in terms of correcting the Court's error, Defendant does nothing more than raise fourteen pages of new arguments which could have been addressed in its original motion for summary judgment. Instead, Defendant devoted less than one page unenthusiastically arguing for summary judgment as to its

Counterclaim. (Doc. 149, p. 25). The Court finds Defendant's Motion as no more than an attempted second bite at the apple.

Defendant first attempts to argue that the Court's ruling that Plaintiffs could not prove an essential element of their case, namely that they were "ready, willing, and able" to perform under the contract, necessitates the Court granting summary judgment in its favor on its Counterclaim. (Doc. 217, pp. 7–11). However, Defendant fails to recognize its own burden in proving its affirmative case of breach of contract. As the Court has previously stated, "Defendant cannot rely on Plaintiffs' inability to prove an essential element of their claim as an argument favoring summary judgment on its own distinct counterclaim for breach of contract." (Doc. 208, p. 13). The Court reiterates that Defendant must be able to prove every element of its own claim for breach of contract, which they have yet to do. Relying on Plaintiffs' inability to prove *damages* says nothing about Defendant's ability to prove that a breach occurred. In its previous ruling, the Court did not reach the issue of *whether a breach occurred*, instead ruling on the narrow issue of Plaintiffs' *inability to prove its damages*. Whether anticipatory repudiation occurred— as Defendant admits is a triable issue of fact (Doc. 149, p. 20 n.18)—is relevant to Defendant's own claim for breach of contract. If Defendant is found to have anticipatorily repudiated the 2012 License Agreement, then its own claim for breach of contract, via the past due licensing fees and termination fee, is not viable. It is undisputed that Defendant invoiced Plaintiffs for the termination fee on April 16, 2019, *after* Plaintiffs claim Defendant anticipatorily repudiated the 2012 Licensing Agreement. (Doc. 169, p. 20, ¶ 15).

The Court will not ignore the fact that Defendant admits that "[w]hether or not repudiation occurred is a triable issue" of fact remaining in this case. (Doc. 149, p. 20

4

n.18). Under the doctrine of judicial estoppel, "where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party. . .." *Allapattah Servs. Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1367 (S.D. Fla. 2005) (citing *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)). This doctrine is used to prevent "a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Id.* Thus, "judicial estoppel is an equitable doctrine invoked at a court's discretion, designed to protect the integrity of the judicial process." *Stephens v. Tolbert*, 471 F. 3d 1173, 1177 (11th Cir. 2006). Therefore, although Defendant attempts to argue away its footnote recognizing a triable issue of fact, the Defendant is precluded from so doing. To permit the Defendant to reverse course on the issue of repudiation would undermine the integrity of the judicial process, which the Court will not countenance.

Because Defendant asserts no meritorious reason for the extraordinary remedy of reconsideration, the Motion will be denied.

### III. CONCLUSION

For these reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration (Doc. 217) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on November 19, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties