# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MIDAMERICA C2L INCORPORATED
and SECURE ENERGY, INC.,

        Plaintiffs,

v.                                                  Case No:  6:17-cv-171-Orl-40LRH

SIEMENS ENERGY, INC.,

        Defendant.
_____/

## CIVIL PRETRIAL ORDER

    This cause comes before the Court following the status conference held on January 24, 2020 pursuant to Federal Rule of Civil Procedure 16(d) and Rule 3.06 of the Local Rules of the Middle District of Florida.

    It is **ORDERED** as follows:

(1)    Trial Date & Time:

    This matter is set for a jury trial to begin on **Monday, March 2, 2020 at 9:00 a.m.**  The Court has set aside **four (4) days** to try this case.

(2)    Rulings on Pretrial Motions:

- As to MidAmerica C2L's Motion in Limine (Doc. 172), the Court **DEFERS** ruling on the issue of the impeachment of Mr. Kenny by the use of the SEC's proceedings. The Motion is otherwise **DENIED**.

- Siemens' Motion in Limine (Doc. 173) is **DENIED AS MOOT**.

- Siemens' Motion in Limine (Doc. 230) is **GRANTED**.

(3)    Joint Pretrial Statement Controls:

    The parties' Joint Final Pretrial Statement (Doc. 218) will control the course of the trial and may not be further amended except by order of the Court in the furtherance of justice.

(4) <u>Deposition Designations:</u>

By **February 17, 2020**, Siemens shall submit via email their deposition designations. By **February 19, 2020**, MidAmerica C2L shall submit designations to these depositions and objections to Siemens' designations. By **February 24, 2020**, MidAmerica C2L shall file objections to Siemens' designations and any counter-designations. Siemens shall advise the Court by **February 17, 2020**, if their overseas witnesses will be appearing in-person or if their depositions will be played at trial.

(5) <u>Voir Dire:</u>

The Court will conduct voir dire in this matter. The parties have submitted their proposed voir dire.

(6) <u>Witness Lists, Exhibit Lists, and Exhibits:</u>

(a) If a party intends to utilize a computer to display exhibits, including documents, to the jury via the monitors positioned throughout the courtroom, the party is instructed to ensure that each exhibit is saved to a single image (.jpeg, .pdf, etc.), as opposed to saving several exhibits within a single image. This requirement is intended to avoid a party scrolling through a composite exhibit in order to locate the specific document being presented to the witness.

(b) All multi-page exhibits must contain individual page numbers, or bates numbers, such that the record will clearly reflect the precise page within an exhibit that is being discussed by the witness or counsel.

(c) When a party offers a composite exhibit, the exhibit shall be organized in a manner which clearly delineates the various documents or photographs contained within the composite exhibit. For example, a composite exhibit containing a contract and addendum to the contract will be marked as composite exhibit 1(a), 1(b), etc. with the letter identifying each individual document within the exhibit. Composite exhibits lacking internal subsections will not be permitted. The exhibit list shall list each composite exhibit subsection individually.

(d) When utilizing a video deposition at trial, the party presenting the video deposition shall file the corresponding transcript in CM/ECF prior to trial.

(e) Each party shall clearly state all objections to any exhibit listed on the opposing party's exhibit list. The failure of a party to identify an objection on the exhibit list shall constitute a waiver of that objection.

    (f)    No later than **Thursday, February 27, 2020**, each party shall provide the Court with copies of their exhibits in PDF format on one (1) CD or one (1) flash drive, along with their exhibit list. **Additionally, the parties MUST file their exhibit and witness lists on the docket.** The Plaintiff is responsible for submitting any joint exhibits to the Court. Multiple-page exhibits must be Bates stamped. Each exhibit shall be set forth in a separate file on the CD or flash drive and shall be clearly numbered and labeled for the Court's ease of reference. Composite exhibits may be set forth in one file.

    (g)    The parties are directed to deliver the following to the Courtroom Deputy Clerk on the morning of trial: (1) original and two copies of the exhibit list; (2) original and two copies of each parties' updated witness list; (3) original and one copy of the agreed upon verdict form; and (4) one set of pre-tagged exhibits for the Witness. This set of exhibits shall include the appropriate colored exhibit tags stapled to the upper right hand corner of the first page. Each tagged exhibit shall be separately contained in a labeled manila folder (as opposed to exhibits being organized in binders) indicating exhibit number and party name, *e.g.*, Plaintiff-1, Defendant-1, Defendant Smith-1 (if multiple defendants). All exhibits shall be pre-marked pursuant to Local Rule 3.07. Joint exhibits which are not objected to shall be introduced and admitted at the outset of the case. Photo substitutes of physical exhibits must be provided to the Courtroom Deputy Clerk immediately upon the close of evidence.  The parties will bring to Court an additional exhibit list to be used by the jury during deliberations. The parties are responsible for redacting from the exhibit any exhibits which were not introduced. If any party disagrees with the description of the exhibit, they must file an objection to the description prior to the start of trial.

(7)    <u>Jury Instructions and Verdict Form:</u>

The parties have filed their proposed jury instructions, verdict forms, and respective objections thereto.

(8)    <u>Sidebar Conferences:</u>

The Court disfavors sidebars absent unusual circumstances.  The Court will be available prior to the start of trial each day to address matters which may arise during the course of the trial. The parties are required to bring to the Court's attention prior to the start of trial any evidentiary issue or other matter which may require ruling by the Court during trial.

(9) <u>Impeachment, Refreshing Recollection:</u>

(a) Any party wishing to impeach a witness or refresh the witness' recollection with a deposition or other prior testimony or statement must refrain from reading the question and answer. Rather, the party is required to show the witness the prior testimony, allow the witness time to read the prior testimony, and then determine whether the prior testimony is inconsistent with the witnesses' current testimony or refreshes the witnesses' recollection. **The parties are required to include on the flash driving containing the exhibits, all depositions or prior statements the party intends to use to impeach or refresh the recollection of the witnesses at trial.**

(b) Whenever a party seeks to read deposition testimony to the jury, the party shall place a "witness" in the witness stand to read the answers provided at deposition.

(10) <u>Electronics:</u>

During trial, counsel for all parties, paralegals, and any other staff members are permitted to enter the courthouse with cellular phones, laptop computers, and electronic equipment without additional leave of court. Cellular phones shall be kept in the "vibrate" or "silent" mode and may only be used outside the courtroom. Additionally, access to the Internet via the courthouse's wireless network is granted to all parties. **All individuals must present valid picture identification and a copy of this Order upon the request of the Court Security Officers assigned to this facility.**

(11) <u>Courtroom Audio Visual Equipment:</u>

A variety of audio visual equipment is available for use by counsel during trial, including a document camera, a connection for laptop access to the audio visual system,[1] and monitors at each counsel table, in the witness box, and in the jury box. Counsel are advised to contact the Court's Courtroom Deputy, Grace Farey, at 407-835-4219 **at least one week prior to trial** to arrange a time to become familiar with the courtroom technology systems. Failure to do so may result in the equipment not being available for use

---

[1] An information sheet on laptop access can be found at http://www.flmd.uscourts.gov/judicialInfo/Orlando/JgByron.htm.

(12)   <u>Courthouse Website:</u>

Counsel are advised to review the Court's preferences located on the Court's web page at http://www.flmd.uscourts.gov/judicialInfo/Orlando/JgByron.htm.

(13)   <u>Developments:</u>

Counsel are directed to notify the Court promptly of any development subsequent to the entry of this Order which would in any way affect the trial of this case by calling the Court's Courtroom Deputy, Grace Farey, at 407-835-4219.

**DONE AND ORDERED** in Orlando, Florida on January 24, 2020.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties