UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SIEMENS ENERGY, INC., a Delaware corporation,

        Plaintiff,

v.

MIDAMERICA C2L INCORPORATED, a Nevada corporation,

        Defendant.

Case No. 6:17-cv-171-Orl-40LRH

### PLAINTIFF SIEMENS ENERGY, INC.'S MOTION TO STRIKE AND MEMORANDUM IN SUPPORT

Plaintiff Siemens Energy, Inc. ("Siemens") hereby moves for an Order striking Defendant MidAmerica C2L Incorporated's ("C2L") Revised Exhibit List filed on February 26, 2020. (DNs 243, 243-1.) Siemens' motion is based on the grounds that C2L's Revised Exhibit List violates the Court's Order granting Siemens' motions *in limine* and the Court's instruction to the parties to revise their exhibit lists in view of the Court's rulings. (*See* DNs 237; 238 at 17:23-25.)

Among other things, the Court granted Siemens' motions *in limine*, excluding evidence of, among other things, non-pleaded, dismissed, released, previously rejected and/or summarily adjudicated theories and claims, including evidence of the following:

- Siemens' alleged failure to inform and provide Secure with improvements to its coal gasification equipment technology;

- alleged defect, misrepresentation, concealment or failure to inform based on experiences at the NCPP Project in China;

- alleged defects regarding pin lengths and cooling screens in the gasification equipment;

- alleged defective gasifiers;

- alleged burner modifications as a result of alleged oxidation problems;

- alleged false representations made by Siemens regarding the need for a new or updated Basic Engineering and Design Package ("BEDP") and outdated SIS and control systems;

- assertion that the 500 megawatt technology was not completely mature and Siemens did not have the wherewithal to perfect the technology in 2007;

- alleged failure to inform Secure of the existence or any details of improvements to the coal gasification equipment and technology, including an updated BEDP; and

- alleged failure to provide Secure with an update BEDP

(*See* DNs 230, 237, 203.)

The Court determined that any evidence directed to these theories, arguments and/or defenses should be excluded because they were not pled, not relevant, and not a proper defense. (*See* DN 238 at 11-12.) The Court also excluded evidence of, among other things, Siemens' alleged breach of Section 5.1 of the 2012 License and Service Agreement and SEC activity and/or complaints against Siemens-related companies and/or their employees. (DNs 230, 237.) The Court then directed the parties to re-do their exhibit lists in light of the motion *in limine* rulings. (DN 238 at 17:23-25.)

Following the Court's rulings, on February 11, Siemens contacted C2L to schedule a date to exchange revised exhibit lists, but C2L failed to respond. C2L ignored Siemens repeated follow-up attempts (see **Exhibit A** hereto), until yesterday, when it filed its Revised

- 2 -

Exhibit List. At the threshold, C2L removed only 45 of the 209 exhibits it originally listed More troubling, however, is that C2L's Revised Exhibit List simply re-organized its remaining exhibits into two categories of exhibits: one list of "exhibits [] intended to be used at trial," and another list of exhibits that "[C2L] does not presently intend to employ [] at trial but reserves the right to use [] in the event an issue is presented at trial pertains to one of these exhibits." (DN 243-1 at 1, 5.) Both lists are replete with evidence that has already been excluded.

C2L's attempt to backdoor evidence that the Court has excluded by putting it on a "reserve the right to use" list is contrary to the Court's instructions and prejudicial to Siemens as it prepares for trial. By way of example only, C2L continues to include as exhibits evidence of an SEC Complaint against a different Siemens entity, and an SEC press release—both of which were excluded in connection with Siemens' motions in limine. (See DN 243-1 at 5, DTX23 and 24; DN 230, 237). And there are scores of exhibits relating to the NCPP project. (See, e.g., DN 243-1 at 5-19, listing multiple "NCPP Monthly Executive Report[s]", "NCPP Expediting/Quality Report[s]" and NCPP-related emails, presentations and letters, including DTX26, DTX26-1, DTX27, DTX28, DTX28-1, DTX28-2, DTX 28-3, DTX28-4, DTX28-5, DTX28-6, DTX28-7, DTX28-8, DTX28-9, DTX29-1, DTX29-2, DRX29-4, DTX29-5, DTX30, DTX30-1, DTX31, DTX32, DX35, DTX35-1, DTX36-1, DTX40-1, DTX40-3, DTX41-1, DTX41-2, DTX42, DX43, DTX45-1 DTX46, DTX47, DTX48, DTX65, DTX67, DTX71, DTX72, DX73, DTX79, DTX84, DTX117, DTX123).

Moreover, C2L's list of "exhibits [it] intend[s] to be use[] at trial" is equally improper. Again, there are multiple exhibits relating to the NCPP project, alleged defects and alleged

failures to provide improvements. (See 243-1 at 1-4). In fact, Secure and C2L introduced many of these NCPP-related exhibits in connection with their attempts to prove alleged "defects", oppose the exclusion of Dr. Kosstrin, and oppose summary judgment – all of which failed. The table below is illustrative:

| C2L's Revised Exhibit List | DN # |
| --- | --- |
| DTX33 | 161-9 |
| DTX36 | 158-30 |
| DTX50 | 197-37 |
| DTX68 | 197-37 |
| DTX69 | 161-14; 197-40 |
| DTX69-1 | 158-24; 161-15 |
| DTX69-2 | 146-40; 158-7 |
| DTX75 | 197-43 |
| DTX76 | 197-44 |
| DTX78 | 146-41; 158-9 |
| DTX91 | 161-16 |
| DTX97 | 161-8 |
| DTX98 | 146-44; 158-17 |
| DTX109 | 161-20; 197-49 |
| DTX110 | 146-49; 158-10 |
| DTX112-3 | 146-50; 158-31; 197-51 |

| | |
|---|---|
| DTX116 | 158-15; 161-21; 197-52 |

C2L should not be attempting to re-litigate and re-hash issues that it has previously lost. At the Final Pre-Trial Conference, the Court again reminded C2L that this was improper. C2L's violation of the Court's orders has prejudiced Siemens' preparations for trial. An Order striking the entirety of C2L's Revised Exhibit List is warranted[1].

Dated: February 27, 2020

           Respectfully submitted,

By:  */s/ Robert W. Thielhelm, Jr.*
   Robert W. Thielhelm, Jr.
   Florida Bar No. 889679
   **Baker & Hostetler LLP**
   SunTrust Center, Suite 2300
   200 South Orange Avenue
   Orlando, FL 32801-3432
   Telephone: 407.649.4000
   Facsimile: 407.841.0168
   Email: rthielhelm@bakerlaw.com

   Scott D. Baker (admitted pro hac vice)
   Jonah Mitchell (admitted pro hac vice)
   Adaline J. Hilgard (admitted pro hac vice)
   Christopher J. Pulido (admitted pro hac vice)
   **Reed Smith LLP**
   101 Second Street, Suite 1800
   San Francisco, CA  94105-3659
   Telephone: 415.543.8700
   Facsimile: 415.391.8269
   Email:  sbaker@reedsmith.com
   Email:  jmitchell@reedsmith.com
   Email:  ahilgard@reedsmith.com
   Email:  cpulido@reedsmith.com

   *Counsel for Siemens Energy, Inc.*

---

[1] In the event the Court denies Siemens' Motion to Strike, Siemens will be filing its revised objections to C2L's Revised Exhibit List.

- 5 -

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on February 27, 2020, a true and correct copy of the foregoing was submitted to the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following listed counsel:

Robert L. Devereux
Jeffrey R. Schmitt
**Danna McKitrick, P.C.**
7701 Forsyth Blvd., Suite 800
St Louis, MO 63105
Telephone: (314) 726-1000
Fax: (314) 725-6592
Email: rdevereux@dmfirm.com
Email: jschmitt@dmfirm.com

Walter A. Ketcham , Jr.
**Grower, Ketcham, Eide, Telan & Meltz, PA**
901 N Lake Destiny Rd., Suite 450
PO Box 538065
Orlando, FL 32853-8065
Telephone: (407) 423-9545
Fax: (407) 425-7104
Email: enotice@growerketcham.com

  DATED:  February 27, 2020.

                */s/ Robert W. Thielhelm, Jr.*
                Robert W. Thielhelm, Jr.

NG-EF2ZLUYJ 01632 025661 000054 4811-2417-0678.1
02/27/2020 3:07 PM