**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SIEMENS ENERGY, INC.**,

Plaintiffs,

**v.**

**MIDAMERICA C2L INC., et al.**,

Defendant.

Case No. 6:17-CV-171-Orl-40-LRH

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AMENDED EXHIBIT LIST**

---

Defendants Secure Energy, Inc. and MidAmericaC2L, Inc. (collectively, "Secure"), through counsel, state as follows in opposition to Plaintiff Siemens Energy, Inc.'s ("Siemens") Motion to Strike [Doc. 247]:

Siemens has filed a motion requesting that the Court strike Secure's *entire* Amended Exhibit List filed on February 26, 2020 [Doc. 243-1]. The only basis for that sweeping, extreme request on the eve of trial is that Siemens disagrees with the way Secure amended its previously filed exhibit list in response to the Court's rulings on certain of Siemens' Motions in Limine. Secure's response was both reasonable and permissible. Siemens' effort to weaponize the Court's rulings both misunderstands Secure's Amended Exhibit List and prematurely raises objections that would more appropriately be made at trial.

Secure's Amended Exhibit List was an appropriate and reasonable response to directions from this Court. The relevant evidentiary rulings were made from the bench at a pre-trial conference held on January 23, 2020 and by Civil Pretrial Order dated February 24, 2020 [Doc. 237]. With respect to the parties' exhibits in light of the rulings in limine, the Court noted:

> In terms of your exhibits, your exhibits may need to be re-worked a bit in light of the ruling on the motions in limine, so please do that.

(Transcript of proceedings, January 23, 2020 at p. 17, lines 23-25).

In response to the Court's direction in this regard, Secure filed an Amended Exhibit List, which identified exhibits in two distinct categories: (1) exhibits "intended to be used at the trial"; and (2) exhibits that Secure does "not presently intend to employ" at trial, but reserves the right to do so if issues are presented at trial pertaining to one of more of the exhibits. [Doc. 243-1]. Secure also removed many exhibits from the list altogether.

This is apparently not sufficient for Siemens, who would require that Secure completely withdraw every single exhibit that Siemens deems to have any relation to the Court's rulings in limine. Rather, Secure's Amended Exhibit List was filed to *comply with* the Court's direction to re-work the parties' exhibits, and the amended list is a good faith attempt to advise the Court and Siemens of which exhibits from its original list it still intends to use at trial. Secure does not construe the Court's direction as requiring that the parties completely withdraw previously proposed exhibits. Secure's Amended Exhibit List thus complies with the Court's direction.

Siemens' objections in its Motion to Strike are also premature. The Amended Exhibit List is simply a list of exhibits that Secure either intends to introduce at trial or reserves the right to potentially introduce at trial. If one of those exhibits is offered and Siemens believes it is barred by the rulings in limine, Siemens may object at that time. Its blanket and blunderbuss Motion to Strike, by contrast, seeks to handcuff Secure on mere speculation. The Court's rulings in limine were just that—"in limine." The Court has not had the opportunity to hear evidence in the case or reconsider any ruling in limine in light of other evidence. Thus, Secure simply reserves the right to offer certain exhibits in the event that would occur. In that event, any such documents would already be included on Secure's exhibit list and provided to the Court.

WHEREFORE, for all of the foregoing reasons, Defendants Secure Energy, Inc. and MidAmerica C2L request that the Court deny Plaintiff's Motion to Strike [Doc. 247] and for such other relief as the Court deems just and proper.

Respectfully submitted,

**DANNA McKITRICK, P.C.**

Date: February 28, 2020 BY: /s/ Robert L. Devereux

**Robert L. Devereux**, admitted pro hac vice
**Jeffrey R. Schmitt**, admitted pro hac vice
7701 Forsyth Blvd., Suite 800
St. Louis, Missouri 63105-3907
Telephone: (314) 726-1000
Facsimile: (314) 725-6592
E-Mail: rdevereux@dmfirm.com
jschmitt@dmfirm.com

and

Walter A. Ketcham, Jr.
Florida Bar No. 156630
Grower, Ketcham, Eide, Telan & Meltz, P.A.
901 N. Lake Destiny Rd., Suite 450
Maitland, Florida 32751
Telephone: (407) 423-9545
Facsimile: (407) 425-7104
E-Mail: waketcham@growerketcham.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 28th day of February, 2020 a true and accurate copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

**Jonah D. Mitchell**
E-Mail: jmitchell@reedsmith.com
**Adaline J. Hilgard**
Email: ahilgard@reedsmith.com
**Christopher J. Pulido**
E-Mail: cpulido@reedsmith.com
Reed Smith, LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659

**P. Alexander Quimby**
E-Mail: aquimby@bakerlaw.com
**Robert W. Thielhelm**
E-Mail: rthielhelm@bakerlaw.com
Baker & Hostetler, LLP
2300 SunTrust Center
200 South Orange Avenue
Post Office Box 112
Orlando, FL 32802

**ATTORNEYS FOR PLAINTIFF SIEMENS ENERGY, INC.**

/s/ Robert L. Devereux

DocID: 4814-0703-0198, v. 24814-0703-0198, v. 2