**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SIEMENS ENERGY, INC.,
                    Plaintiff,

v.

MIDAMERICA C2L INCORPORATED                    Case No:  6:17-cv-171-Orl-40LRH
                    Defendant.
_____/

# COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

## Jury Instruction No. 1

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## __Jury Instruction No. 2__

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

### Jury Instruction No. 3

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## Jury Instruction No. 4

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## <u>Jury Instruction No. 5</u>

Sometimes the parties have agreed that certain facts are true. Counsel read stipulations of fact to you during the trial. This agreement is called a stipulation. You must treat these facts as proved for this case.

## <u>Jury Instruction No. 6</u>

A Party may serve upon another party a written request to admit the truth of facts or the application of law to facts. Counsel for Siemens read to you requests for admission and C2L's responses. A matter admitted by another party in response to a request for admission is conclusively established.

## <u>Jury Instruction No. 7</u>

In this case it is the responsibility of the Plaintiff, Siemens, to prove every essential part of its claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

## Jury Instruction No. 8

In this case, Siemens seeks to recover damages for breach of contract against C2L. Breach of contract means that a party failed to perform an obligation according to the terms of a contract. Siemens contends that C2L failed to pay the termination fee due under the 2012 License and Service Agreement. In order to prevail on this claim, Siemens must prove the following elements by a preponderance of the evidence:

First:     The existence of a contract between the parties;

Second:  Siemens did what it was required to do under the contract;

Third:    C2L breached the contract by not doing what it was required to do under the contract; and

Fourth:   C2L's breach of the contract resulted in damages to Siemens.

If you decide that C2L breached the contract by failing to pay the termination fee under the 2012 License and Service Agreement, and that C2L was not excused from performance, you must find for Siemens on its breach of contract claim and report

that to the Court on the verdict form. If you decide that C2L did not breach the contract, or that its performance was excused, you must find for C2L on Siemens' breach of contract claim and report that to the Court on the verdict form.

## Jury Instruction No. 9

As you have heard, Siemens claims that C2L breached the 2012 License and Service Agreement with Siemens when it failed to pay the termination fee under the agreement. If you decide that C2L breached the contract with Siemens, you must go on to consider C2L's affirmative defense that the breach should be excused because of Siemens' alleged anticipatory repudiation of the contract.

A party to a contract is not required to perform its obligations under the contract if the other party clearly and unconditionally indicates, through words or actions or both, that it will not or, as a result of its voluntary actions, cannot do what it was required to do under the contract. In that situation, the breach is called an anticipatory repudiation of the contract. Where the time for a party to perform its contract obligations has not yet occurred, that party's words or actions may be considered an anticipatory repudiation of the contract only if they clearly and unconditionally indicate an

intention not to do what it was required to do under the contract, or an inability to perform those requirements due to the party's voluntary actions.

To excuse C2L's failure to pay the termination fee under the contract with Siemens, C2L has the burden of proving, by a preponderance of the evidence, (1) that Siemens repudiated the contract in advance by clearly and unconditionally indicating, through words or actions or both, that it would not or, as a result of its voluntary actions, could not do what Siemens was required to do under the contract, and (2) that C2L was ready, willing and able to perform its obligations under the contract. Preponderance of the evidence is defined in Instruction No. 7.

If you decide that (1) Siemens' notification to C2L that Siemens would be closing the fuel gasification division of its business clearly and unconditionally indicated that Siemens would not or, as a result of its voluntary actions, could not do what it was required to do under the contract, and (2) that C2L was ready,

willing and able to perform its obligations under the contract, you will find for C2L on Siemens breach of contract claim.  If you decide that (1) Siemens' notification to C2L that Siemens would be closing the fuel gasification division of its business did not clearly or unconditionally indicate that it would not or, as a result of its voluntary actions, could not do what it was required to do under the contract, or (2) that C2L was not ready, willing and able to perform its obligations under the contract, you will find for Siemens.

## Jury Instruction No. 10

If you find from your consideration of all the evidence that Siemens has proven all the elements of its breach of contract claim and that C2L has not proven any affirmative defense, you must find in favor of Siemens on the claim and award Siemens $13,200,395.50.

Of course, the fact that I have given you instructions concerning the issue of the Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

## Jury Instruction No. 11

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with each other and try to reach an agreement. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

## Jury Instruction No. 12

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

## [Explain Verdict Form]

Take the verdict form with you into the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, and date it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I will respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you

not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.