**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SIEMENS ENERGY, INC.,

    Plaintiff,

v.

                                         Case No.: 6:17-cv-171-Orl-40LRH

MIDAMERICA C2L INC.,

    Defendant.

**MIDAMERICA C2L INC.'S MEMORANDUM IN OPPOSITION TO**
**SIEMENS ENERGY INC.'S AMENDED PROPOSED BILL OF COSTS**

MidAmerica C2L Inc., through undersigned counsel, hereby submits its Memorandum in Opposition to Siemens Energy, Inc.'s Amended Proposed Bill of Costs (Doc. 301).[1]

**BACKGROUND**

MidAmerica C2L Inc. ("C2L") and Secure Energy, Inc. ("Secure") initiated this lawsuit in 2016 against Siemens Energy, Inc. ("Siemens"), asserting claims for Breach of

---

[1] As noted below, C2L submits this Memorandum in Opposition within the time period proscribed by M.D. Fla. L.R. 3.01(b) for opposing a motion or application. *See also* L.R. 4.18 (stating that "[i]n accordance with Fed. R. Civ. P. 54, all claims for costs or attorney's fees . . . shall be asserted by separate motion or petition filed not later than 14 days following the entry of judgment"). Should this opposition be deemed premature under Fed. R. Civ. P. 54(d)(1), *see Amiel v. Lakeland Reg'l Med. Ctr., Inc.*, No. 8:17-cv-1896-T-SPF, 2019 WL 2552595, at *1 (M.D. Fla. Apr. 3, 2019) (denying motion to tax costs as premature and procedurally improper and explaining process for objecting to taxation of costs); *but see Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 6:14-cv-307-Orl-40GJK, 2016 WL 7325544, at *1 (M.D. Fla. Aug. 31, 2016) (adjudicating motion to tax costs and opposition thereto), *report and recommendation adopted*, 2016 WL 7446390 (M.D. Fla. Oct. 4, 2016), *aff'd*, 727 F. App'x 562 (11th Cir. 2018), C2L respectfully requests that the Court treat this Memorandum as a tendered Motion for Review of the Clerk of Court's Taxation of Costs under Fed. R. Civ. P. 54(d)(1) and proceed to review the taxation of costs at the appropriate time.

Contract, Breach of Warranty of Fitness for Particular Purpose, and two Counts of Fraudulent Misrepresentation (for Siemens' Support of Project and its Failure to Disclose Flaws in Technology), related to C2L and Secure's purchase of nearly $43 Million of faulty coal gasification equipment from Siemens, and the corresponding expenditure of another $43 Million in preparation for C2L and Secure's coal gasification project. (*See* Doc. 1-2). In 2017, C2L and Secure filed an Amended Complaint adding counts for Rescission – Fraud and Rescission – Failure of Consideration. (Doc. 63). Siemens moved to dismiss four of the six counts under Fed. R. Civ. P. 12(b)(6). (Doc. 67). That motion was denied, but for C2L and Secure's voluntary dismissal of Count III (Fraudulent Misrepresentation – Siemens' Support of Project). (Doc. 74). Thereafter, Siemens filed its answer and pleaded a single counterclaim, against C2L alone, for breach of contract in relation to a termination fee under the parties' 2012 License and Service Agreement. (Doc. 75 at 18-21; *see* Docs. 288-1 and 288-2). Following fact and expert discovery and the Court's denials of C2L and Secure's motions for leave to conform the pleadings to the evidence via a second amended complaint, (Docs. 137, 154, 213), the Court considered motions to strike the parties' proffered experts, and held a *Daubert* hearing, (*see* Docs. 185, 188, 189, 191). The Court granted Siemens' motion to exclude the opinion and testimony of C2L and Secure's proffered expert, (Doc. 188), and denied C2L and Secure's motions to exclude the opinions and testimony of Siemens' experts (Docs. 198, 191). Thereafter, the Court ordered supplemental briefing on the pending cross-motions for summary judgment, specifically regarding the effect of the exclusion of C2L and Secure's proffered expert on the pending motions. (Doc. 190). The Court proceeded to enter summary judgment in favor of Siemens on C2L and Secure's affirmative claims, (Docs. 203,

208), and deny Siemens' motion for summary its counterclaim, (Doc. 208). This case proceeded to trial on the sole issue of now-Plaintiff Siemens' counterclaim. (*See* Doc. 263). Upon consideration of *in limine* motions, the Court significantly restricted the theories and evidence C2L was permitted to present to the jury in defense against the counterclaim. (*See* Doc. 237, 238).

Trial commenced on March 2, 2020 and concluded on March 4, 2020, lasting only three days. (*See* Docs. 263, 273, 281). To present its case, Siemens called a total of three witnesses, Harry T. Morehead, Jr., Guido Schuld, and Rolf Ruesseler. (*See* Docs. 263, 273). C2L called a single witness, its co-founder and CEO Jack Kenny. (*See* Doc. 281). All of the witnesses appeared in person, and no portion of any video deposition was played for the jury.

Following the three days of testimony and the close of evidence, the parties moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). (Docs. 275, 282, 283). The Court denied C2L's motion, reserved ruling on Siemens' motion, and submitted the case to the jury. (Docs. 276, 284, 285). The jury returned a verdict for Siemens, finding that C2L breached the 2012 License and Service Agreement. (Doc. 287). Based on the jury's findings, judgment was entered in favor of Siemens on March 11, 2020. (Docs. 293, 294). On March 25, 2020, Siemens filed a proposed bill of costs along with a motion for taxation of costs and memorandum in support under 28 U.S.C. § 1920, Fed. R. Civ. P. 54, and L.R. 4.18. (Docs. 295, 296). The Court denied Siemens' motion without prejudice for failure to comply with the meet and confer requirements of L.R. 3.01(g). (Doc. 297). The Court also indicated that no motion was necessary in support of a proposed bill of costs under 28 U.S.C. § 1920, citing Fed. R. Civ. P. 54(d)(1). (*Id.*). Thereafter, the parties met and conferred, and

Siemens filed an amended proposed bill of costs on April 8, 2020.  (Doc. 301).

As explained in n.1 above, C2L submits this Memorandum in Opposition in the timeframe set forth in L.R. 3.01 protectively and in light of past examples of judicial review of bills of cost in this District.  *See, e.g., Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 6:14-cv-307-Orl40-GJK, 2016 WL 7325544, at *1 (M.D. Fla. Aug. 31, 2016) (adjudicating prevailing party's "motion to tax costs" and the opposition thereto), *report and recommendation adopted*, 2016 WL 7446390 (M.D. Fla. Oct. 4, 2016), *aff'd*, 727 F. App'x 562 (11th Cir. 2018).  However, should this opposition be deemed premature in light of the guidance in the Court's prior order, (Doc. 297), and the apparent tension between L.R. 4.18 and Fed. R. Civ. P. 54(d)(1), *see Amiel v. Lakeland Reg'l Med. Ctr., Inc.*, No. 8:17-cv-1896-T-SPF, 2019 WL 2552595, at *1 (M.D. Fla. Apr. 3, 2019), C2L respectfully requests that the Court treat this Memorandum as a tendered Motion for Review of the Clerk of Court's Taxation of Costs under Fed. R. Civ. P. 54(d)(1) and proceed to review the taxation of costs at the appropriate time.  Alternatively, and should the Court direct, C2L will restyle this Memorandum as a motion for review and refile it following action by the Clerk of Court.

### ARGUMENT

Section 1920 provides "rigid controls on cost-shifting in federal courts." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987).  The Supreme Court has explained that taxable costs are "limited to relatively minor, incidental expenses" as defined by § 1920 and are a "fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 573 (2012).  Section 1920 permits only the following costs to be taxed:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of [Title 28];
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of [Title 28].

28 U.S.C. § 1920. A court has discretion not to tax the costs listed in § 1920, but may not tax costs outside the scope of § 1920. *Crawford*, 482 U.S. at 442–43.

Further, "the burden rests with [the party seeking an award of costs] to submit a request for expenses that would enable the district court to determine what expenses were incurred on the federal litigation." *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). In fact, failing to provide "sufficient detail or supporting documentation" for taxing costs can lead to a denial of the costs. *Blitz,* 2016 WL 7325544, at *2.

Here, Siemens seeks costs that are outside the scope of § 1920. As discussed in more detail below and summarized here in Table 1, Siemens' request for costs features nearly $90,000.00 in nontaxable expenses. The amended bill of costs should be reduced accordingly.

| Table 1 | | | |
|---|---|---|---|
| **Subject** | **Siemens' Requested Costs** | **C2L's Proposed Reductions** | **Taxable Costs** |
| 28 U.S.C. § 1920(1) Fees of the Clerk | $1,500.00 | $1,500.00 | $0.00 |
| 28 U.S.C. § 1920(2) Fees for Transcripts | $66,473.77 | 46,666.72 | $19,807.05 |
| 28 U.S.C. § 1920(3) Fees for Witnesses | $4,262.88 | $0.00 | $4,262.88 |
| 28 U.S.C. § 1920(4) Fees for Copies | $39,545.91 | $39,545.91 | $0.00 |
| Totals: | $111,782.56 | $87,712.63 | **$24,069.93** |

I.      **Siemens is Not Entitled to Fees of the Clerk.**

Siemens requests $1,500 in *pro hac vice* fees paid to the Northern District of Illinois and this Court. (Doc. 296 at 3; Doc. 301-2). *Pro hac vice* fees are not specifically addressed in § 1920. Siemens argues the *pro hac vice* fees are recoverable as "fees of the clerk" under § 1920(1). (Doc. 296 at 3). While the Eleventh Circuit has not ruled on the question of whether *pro hac vice* fees are recoverable, the majority of the district courts in this Circuit hold that *pro hac vice* fees are not recoverable under § 1920. *See Lockwood v. CIS Servs., LLC*, No. 3:16-cv-965-J-39PDB, 2019 WL 2226126, at *19 (M.D. Fla. May 3, 2019), *report and recommendation adopted*, 2019 WL 3383628 (M.D. Fla. June 13, 2019) (collecting cases and following the majority rule); *Exhibit Icons, LLC v. XP Companies, LLC*, No. 07-cv-80824, 2009 WL 3877667, at *1 (S.D. Fla. Nov. 18, 2009) ("[T]he *pro hac vice* fee[s] [are] an expense of counsel, not of the client, and [are] thus not properly recoverable under 28 U.S.C. § 1920."). Indeed, even where a non-prevailing party did not object, these costs were rejected as unauthorized by § 1920. *Blitz,* 2016 WL 7325544, at *2 (denying costs and explaining that "a majority of district courts in this Circuit have concluded *pro hac vice* fees are not recoverable under § 1920").

In *Lockwood*, the court looked to the Ninth Circuit's reasoning behind excluding *pro hac vice* costs. *Lockwood*, 2019 WL 2226126 at *20. The Ninth Circuit recognized that the Seventh and Eighth Circuits have awarded *pro hac vice* costs, but did so before the Supreme Court's decision in *Taniguchi v. Kan Pac. Saipan, Ltd.* limiting the scope of § 1920. 566 U.S. 560, 573 (2012); *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013). After reviewing the relevant statutory authority and considering the Supreme

Court's recent guidance, the Ninth Circuit reasoned "the better course is to hew closely to the statute's language, scheme, and context, recognizing that § 1920 is narrow, limited, and modest in scope." *Kalitta Air*, 741 F.3d at 958.

Consistent with the weight of authority, this Court should not allow Siemens to recover its *pro hac vice* fees.

### II. Siemens is Not Entitled to Fees for Printed or Electronically Recorded Transcripts Not Necessarily Obtained for Use in the Case.

Siemens is similarly not entitled to the full costs it requests for transcription services. Siemens requests $66,473.77 in fees for the printed or electronically recorded transcripts it claims were necessarily obtained for use in the case, including the following:

| Date | Deponent |
|---|---|
| 2018-07-10 | Harry Morehead (Day 1) |
| 2018-07-11 | Harry Morehead (Day 2) |
| 2018-07-26 | Jack Kenny (Day 1) |
| 2018-07-27 | Jack Kenny (Day 2) |
| 2018-08-29 | Guido Schuld (Day 1) |
| 2018-08-30 | Guido Schuld (Day 2) |
| 2018-10-17 | Rolf Ruesseler (Day 1) |
| 2018-10-18 | Rolf Ruesseler (Day 2) |
| 2018-11-06 | Mark Confer |
| 2018-11-07 | Wolfgang Streer |
| 2018-11-08 | Harry Morehead (Day 3) |
| 2018-12-11 | Frank Hannemann (Day 1) |
| 2018-12-12 | Frank Hannemann (Day 2) |
| 2018-12-19 | Lars Scott |
| 2019-01-18 | Herbert Kosstrin |
| 2019-01-23 | Rolf Ruesseler, Siemens' 30(b)(6) (Day 1) |
| 2019-01-24 | Rolf Ruesseler, Siemens' 30(b)(6) (Day 2) |
| 2019-01-29 | Jack Kenny, Secure/C2L 30(b)(6) (Day 1) |
| 2019-01-30 | Jack Kenny, Secure/C2L 30(b)(6) (Day 2) |
| 2019-02-01 | Stephen Jenkins |
| 2019-02-04 | Nancy Smith |
| 2019-02-07 | John Williams |

(Docs. 296 at 4, 301-3 at 2–3). C2L agrees that the portion of these fees derived solely from the manual stenography deposition transcripts are taxable, but asserts that all of the other fees

are prohibited in the Eleventh Circuit, including for the trial transcripts. The costs taxable under 28 U.S.C. § 1920(2) should be reduced to $19,807.05.

### A. Siemens is Not Entitled to Fees for Video Depositions.

The general rule in the Eleventh Circuit is that "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation, . . . it is appropriate under § 1920 to award the costs of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chems.*, 97 F.3d 460, 464–65 (11th Cir. 1996). However, this general rule is not without qualification. Rather, in order to properly fall within the scope of taxable costs under § 1920, the depositions must be "necessarily obtained for use in the case," *id.*, which means, *inter alia*, that the prevailing party must explain why it was necessary to obtain both a transcript and video recording of the deposition. *Id.*; *Shire Dev., LLC v. Mylan Pharm., Inc.*, No. 8:12-cv-1190-T-36AEP, 2018 WL 6311472, at *4 (M.D. Fla. Nov. 9, 2018), *report and recommendation adopted*, 2018 WL 6304868 (M.D. Fla. Dec. 3, 2018); *Johnston v. Borders*, No. 6:15-cv-936-Orl-40DCI, 2017 WL 1968352, at *4 (M.D. Fla. Apr. 24, 2017).

Siemens states the video depositions were "important" in order for "jurors to be able to exercise their prerogative in ascertaining the veracity and credibility of the witnesses." (Doc. 296 at 7). However, this does not explain why the video depositions were *necessary*. Instead, it merely reflects Siemens' preference to show the jury video depositions. Because video depositions are only taxable where the prevailing party explains why the video depositions were *necessary* to the case and Siemens failed to do so, the fees for video depositions are not taxable. *See Morrison*, 97 F.3d at 465 (remanding to the district court where prevailing party

failed to explain why it was necessary to obtain video tapes of a deposition); *Shire*, 2018 WL 6311472, at *4 (refusing to tax fees for video depositions where the prevailing party failed to provide "sufficient detail or supporting documentation" as to why the video deposition was necessary for trial); *Johnston*, 2017 WL 1968352, at *4 (reducing deposition costs by amount of video deposition where prevailing party failed to show both transcript and video was necessary for trial).

Siemens also includes in a footnote that the majority of the witnesses were outside the subpoena power of the Court. (Doc. 296 at 7 n.6). But many of the deponents are employees of the parties, and Siemens did not indicate that it had any reason to suspect the deponents would not appear at trial. In fact, not a single one of the video depositions were used at trial.

Because Siemens has failed to demonstrate why the video depositions were *necessary* for trial, these costs are not taxable, and this Court should reduce the award of fees for depositions by the amount of the fees charged for video depositions.

**B. Siemens is Not Entitled to Fees in Connection with the Depositions for Expedited Transcripts, Court Reporter Fees, Realtime Expenses, and Litigation Packages.**

Included in the costs for fees for printed or electronically recorded transcripts necessarily obtained for use in the case are fees for court reporter appearances and realtime transcription of depositions.[2] (Docs. 301, 301-3). For example, the bill for deposition of Jack Kenny includes the following fees:

---

[2] Siemens agrees that the shipping and handling of deposition transcripts is not taxable. (Doc. 301 at 1).

| SERVICES | # PAGES / QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Original & 1 Certified Transcript | 306 | $3.75 | $1,147.50 |
| Original Transcript - 5 Day Delivery | 306 | $1.65 | $504.90 |
| Original Transcript - Evening Pages | 14 | $2.00 | $28.00 |
| Local Real-time Transcription | 306 | $1.25 | $382.50 |
| Rough Transcript | 306 | $1.20 | $367.20 |
| Reporter Appearance Fee / Hour - Videotaped | 8 | $45.00 | $360.00 |
| Reporter Appearance Fee / Evening Hour - Videotaped | 0.5 | $67.50 | $33.75 |
| Compressed / ASCII / Word Index - Complimentary | 1 | $75.00 | $0.00 |
| Exhibits - Scanned & Hyperlinked - B&W | 315 | $0.05 | $15.75 |
| Exhibits - Scanned & Hyperlinked - Color | 18 | $0.75 | $13.50 |
| File Creation Fee - Hyperlinked Exhibits - Complimentary | 1 | $45.00 | $0.00 |
| Certified Transcript Sold Discount (1) | 306 | -$0.50 | -$153.00 |
| | | SUBTOTAL | $2,700.10 |
| | | SHIPPING & HANDLING | $55.00 |
| | | TOTAL | $2,755.10 |

(Doc. 301-3 at 4). This deposition includes $504.90 for expedited transcripts, $382.50 for court reporter appearance fees, $382.50 for local realtime transcription, and $367.20 for rough transcription.

Though fees for deposition transcripts are taxable, courts in the Eleventh Circuit expressly exclude fees for court reporter appearances and realtime transcription from the taxable fees. *Shire*, 2018 WL 6311472, at *5 (collecting cases and reasoning that "expedited or condensed transcripts, scanning, CD litigation packages, summaries, shipping and handling, delivery costs, and express mail" fees are incurred for the "convenience and not necessity of counsel"); *see also Johnston*, 2017 WL 1968352, at *4 (disallowing fees "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only") (quoting *EEOC v. W &O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)). Here, Siemens has not and cannot show that the expedited transcript, court reporter appearance, realtime transcription, or rough copy fees were necessary to trial and not for simply the convenience of its counsel.

Because these costs were incurred merely for the convenience of counsel, this Court should find they are not taxable.

### C. Siemens is Not Entitled to Fees for the Realtime and Expedited (Daily) Copies of Trial Transcripts.

Siemens requests $4,580 for the realtime and expedited (daily) copies of the trial transcripts. (Doc. 296 at 7–8). In the Eleventh Circuit, the costs of trial transcripts are generally not taxable. *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1226 (11th Cir. 2002) ("[W]e do not believe that the costs associated with expedited trial transcripts should be allowed as a matter of course."). Further, the costs of an expedited transcript should not be permitted where a party "had ample representation during trial, and their attorneys could have taken day-to-day notes on the proceedings." *Id.* at 1225 (citing *Pan American Grain Mfg. Co. v. Puerto Rico Ports Auth.*, 193 F.R.D. 26, 34 (D.P.R. 2000)). Instead, a party may recover trial transcripts costs only where the transcripts are "indispensable" to the case. *Id.*

Here, Siemens argues that the expedited transcripts were necessary for it to prepare its cross examination of witnesses and its closing statement. (Doc. 296 at 7–8). However, Siemens fails to explain how the expedited transcripts were *necessary* for trial and not just for the convenience of Siemens' attorneys. In *Maris*, the Eleventh Circuit held that the district court did not err in awarding the costs of the expedited trial transcripts where the antitrust case at issue was involved a complex, lengthy trial involving expert testimony. *Maris*, 302 F.3d at 1226. This case is clearly distinguishable. Here, the case went to trial solely on Siemens' counterclaim, was completed in three days, and did not involve any expert testimony. *See Blitz*, 2016 WL 7325544, at *4 (denying costs for six day trial); *Rodriguez v. City of Clermont*, No. 5:08-cv-204-Oc-10KRS, 2011 WL 13176035, at *2 (M.D. Fla. Jan. 18, 2011) (finding that

trial transcripts used to prepare for upcoming witnesses or closing arguments were for the convenience of counsel where the case was not "an unusually long or complex case, and the legal issues involved were not novel"). Siemens was adequately represented at trial, with four attorneys present, and its attorneys could have taken notes during the trial. Because Siemens ordered the expedited trial transcripts for the convenience of its attorneys and *not out of necessity* for trial, this Court should not allow the $4,580 to be taxed.

### III. Siemens is Not Entitled to Fees for the Exemplification and the Costs of Making Copies of Any Materials where the Copies were Not Necessarily Obtained for Use in the Case.

Pursuant to 28 U.S.C. § 1920(4), the prevailing party may collect fees for the exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. Before the fees can be taxable, "[t]he prevailing party must show that copies were 'necessarily obtained for use in the case,' as copies 'for the convenience of counsel' are not taxable." *Shire*, 2018 WL 6311472, at *6 (quoting *Woods v. Deangelo Marine Exhaust Inc.*, No. 08-cv-81579, 2010 WL 4116571, at *11 (S.D. Fla. Sept. 27, 2010), *report and recommendation adopted*, 2010 WL 4102939 (S.D. Fla. Oct. 18, 2010). Because Siemens has not made this showing, no costs should be taxed under § 1920(4).

#### A. Siemens is Not Entitled to Fees for Blowback Printing or Copying.

Siemens requests $38,358.51 in fees for blowback printing and copy costs. (Doc. 301-5 at 2). In the Middle District of Florida, "[a]bsent sufficiently detailed evidence demonstrating the necessity for blowback, binder, and PDF scanned document charges, the costs will be denied in their entirety." *Shire*, 2018 WL 6311472, at *6. In short, the prevailing party's burden is to "provide sufficient detail and documentation regarding the requested costs so the

opposing party may challenge the costs and the court may conduct a meaningful review of the costs." *Blitz*, 2016 WL 7325544, at *2 (citing *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335–36 (S.D. Fla. 2000)).

Here, Siemens made absolutely no attempt to demonstrate how any of the copies were necessary for trial as opposed to simply convenient for Siemens' counsel, and instead, simply lists the costs with a conclusory statement that the documents were necessary to comply with this Court's orders. In fact, many of Siemens' invoices do not provide any indication of what documents were even printed. (Doc. 301-5 at 16–23); *see also Watson v. Lake County*, 492 F. App'x 991, 998 (11th Cir. 2012) (vacating district court's denial of motion for review of taxed costs with respect to duplicate copies where party failed to explain what documents were printed and how documents were necessary to trial).

Additionally, nearly all of the invoices Siemens provides include fees for index tabs, redwelds, and binders, with one charging more than $1,000 just for tabs. (Doc. 301-5 at 20). Additionally, multiple invoices include charges for technical labor. (Doc. 301-5 at 15–16, 18, 22). The Eleventh Circuit has held that "§ 1920 does not authorize recovery for costs for . . . binders, tabs, and technical labor." *Watson*, 492 F. App'x at 997–98. Siemens conclusory statement that the tabs were necessary to comply with court orders is not sufficient to show that the tabs were required for trial, and Siemens fails to even mention the cost of the binders, redwelds, or technical labor.

Because Siemens did not demonstrate the blowback printing and copying costs were necessary for trial, the costs must be denied in their entirety.

### B.     Siemens is Not Entitled to Fees for E-Discovery Services.

Siemens requests $1,187.40 in fees for e-discovery services including user fees (Doc. 301-5 at 25, 27), hosting charges (Doc. 301-5 at 26, 28), and client file sharing hosting (Doc. 301-5 at 29–33). While the Eleventh Circuit has not ruled on the issue of whether e-discovery fees are taxable, the Federal Circuit applying Eleventh Circuit law has addressed this issue. *CBT Flint Partners, LLC, v. Return Path, Inc.*, 737 F.3d 1320, 1326 (Fed. Cir. 2013). The Federal Circuit recognized that the Eleventh Circuit had not addressed section 1920(4) since it was amended to include "making copies of any materials," but after reviewing the language of the amendment and the legislative history, the court found that the amendment was no more than a linguistic change. *Id.* at 1326. Therefore, the court relied upon Eleventh Circuit precedent prior to the amendment holding that § 1920(4) "allows recovery only for the reasonable costs of actually duplicating documents, not for the costs of gathering those documents as a prelude to duplication" as a guide for its decision. *Id.* (quoting *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 n.5 (5th Cir. Unit B 1982)).

With the Eleventh Circuit guiding principal, the Federal Circuit held that § 1920 includes only "the costs of creating the *produced duplicates*," and "not a number of preparatory or ancillary costs commonly incurred *leading up to, in conjunction with, or after duplication*." *Id.* at 1328 (emphasis in original); *see also Shire*, 2018 WL 6311472, at *6 (applying the rule of *CBT Flint Partners* and finding that prevailing party's costs incurred to help facilitate document production were not taxable).

Here, it does not appear that any of the invoices for e-discovery relate to "creating the produced documents"; instead, they are "ancillary costs commonly incurred." *CBT Flint Partners*, 737 F.3d at 1328. Thus, these costs are not taxable.

*   *   *

WHEREFORE, for all of the foregoing reasons, MidAmerica C2L, Inc. prays that the Court review Siemens Energy, Inc.'s Amended Proposed Bill of Costs and reduce the taxable costs by $87,712.63 to a total of $24,069.93, in accordance with the arguments raised herein and the weight of authority.

                                                         Respectfully submitted,

DATE: April 22, 2020        BY:   */s/ Michael H. McGinley*
                                                     Michael H. McGinley, admitted PHV
                                                     DECHERT LLP
                                                     2929 Arch Street
                                                     Philadelphia, Pennsylvania 19104-2808
                                                     Phone: (215) 994-4000
                                                     Fax: (215) 994-2222
                                                     E-Mail: michael.mcginley@dechert.com

| */s/ Robert L. Devereux* | */s/ Walter A. Ketcham, Jr.* |
|---|---|
| Robert L. Devereux, admitted PHV | Walter A. Ketcham, Jr. |
| Jeffrey R. Schmitt, admitted PHV | Florida Bar No. 156630 |
| Michael R. Cherba, admitted PHV | GROWER, KETCHAM, EIDE, |
| DANNA MCKITRICK, P.C. | TELAN & MELTZ, P.A. |
| 7701 Forsyth Blvd., Suite 800 | 901 North Lake Destiny Road, Suite 450 |
| St. Louis, Missouri  63105-3907 | Maitland, Florida 32751 |
| Phone: (314) 726-1000 | Phone: (407) 423-9545 |
| Fax: (314) 725-6592 | Fax: (407) 425-7104 |
| E-Mail: rdevereux@dmfirm.com | E-Mail: waketcham@growerketcham.com |

                                                    ***Attorneys for Defendant***
                                                    ***MidAmerica C2L Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 22nd day of April, 2020, a true and accurate copy of the foregoing **MidAmerica C2L Inc.'s Memorandum in Opposition to Secure Energy, Inc.'s Amended Proposed Bill of Costs** was filed electronically with the Clerk of Court and served via the CM/ECF system upon all counsel of record, including the following:

| | |
|---|---|
| Scott D. Baker<br>E-Mail: sbaker@reedsmith.com<br>William R. Overend<br>E-Mail: woverend@reedsmith.com<br>Jonah D. Mitchell<br>E-Mail: jmitchell@reedsmith.com<br>Adaline J. Hilgard<br>E-Mail: ahilgard@reedsmith.com<br>Christopher J. Pulido<br>E-Mail: cpulido@reedsmith.com<br>Reed Smith LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105-3659 | Robert W. Thielhelm Jr.<br>E-Mail: rthielhelm@bakerlaw.com<br>P. Alexander Quimby<br>E-Mail: aquimby@bakerlaw.com<br>Baker & Hostetler, LLP<br>2300 SunTrust Center<br>200 South Orange Avenue<br>Post Office Box 112<br>Orlando, FL 32802 |

*Attorneys for Plaintiff*
*Siemens Energy, Inc.*


/s/ *Michael H. McGinley*