# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SIEMENS ENERGY, INC.,**

        **Plaintiff,**

**v.**                                           **Case No:   6:17-cv-171-Orl-40LRH**

**MIDAMERICA C2L INCORPORATED,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MIDAMERICA C2L INC.'S MEMORANDUM IN OPPOSITION TO SIEMENS ENERGY INC.'S AMENDED PROPOSED BILL OF COSTS (Doc. No. 304).** |
| **FILED:** | **APRIL 22, 2020** |

## I.    BACKGROUND.

Plaintiffs MidAmerica C2L Incorporated ("MidAmerica") and Secure Energy, Inc. ("Secure") (collectively, "Plaintiffs") filed an amended complaint on April 21, 2017, asserting six counts against Defendant Siemens Energy, Inc. ("Siemens"), including: (1) breach of contract (count I); (2) breach of warranty of fitness for particular purpose (count II); (3) fraudulent misrepresentation – Siemens' support of project (count III); (4) fraudulent misrepresentation – failure to disclose defects in technology (count IV); (5) rescission – fraud (count V); and (6) rescission – failure of consideration (count VI).   Doc. 63.   Count III was subsequently dismissed. Doc. 74.

Siemens countersued MidAmerica for breach of contract.   Doc. 75.   Both parties moved for summary judgment.   Docs. 146, 149.

The Court denied Plaintiffs' motion for summary judgment, granted in part Siemens' motion for summary judgment as to counts II, IV, V, and VI of the amended complaint, and deferred ruling on count I and Siemens' counterclaim.   Doc. 203.   The Court thereafter granted the remainder of Siemens' motion as to Plaintiffs' claims but denied the motion as to Siemens' counterclaim.   Doc. 208.   Thus, only Siemens' counterclaim remained at issue.   *See* Doc. 242.   The case proceeded to jury trial on the counterclaim.   Docs. 265, 268, 270, 272, 277, 279.   The jury returned a verdict in Siemens' favor.   Doc. 287.   Final judgment was thereafter entered in favor of Siemens and against MidAmerica.   Doc. 294.

On April 8, 2020, Siemens filed a proposed bill of costs.   Doc. 301.[1]   Siemens seeks to recover a total of $111,782.56 in costs, which includes:

- $1,500.00 in Fees of the Clerk;

- $66,473.77 in Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

- $4,262.88 in fees for witnesses; and

- $39,545.91 in fees for exemplification and the costs of making copies of any materials necessarily obtained for use in the case.

Doc. 301-1.

---

[1] On March 25, 2020, Siemens filed a proposed bill of costs, as well as a verified motion for taxation of costs and memorandum in support.   Docs. 295, 296.   The verified motion was denied without prejudice for failure to comply with Local Rule 3.01(g) and because the motion was not required pursuant to Federal Rule of Civil Procedure 54.   Doc. 297.   Siemens thereafter amended its proposed bill of costs.   Doc. 301. The amended proposed bill of costs is the subject of this Report and Recommendation.

On April 22, 2020, MidAmerica filed a "Memorandum in Opposition to Siemens Energy Inc.'s Amended Proposed Bill of Costs."   Doc. 304.   The "Memorandum in Opposition" has been construed as a motion.   Doc. 309.   In the motion, MidAmerica objects to several costs sought by Siemens, and asks that the Court review the amended proposed bill of costs and reduce such costs accordingly.   Doc. 304.   On review, the undersigned ordered Siemens to file a response to MidAmerica's objections.   Doc. 309.   Siemens has filed a timely response.   Doc. 310.   The matter was referred to the undersigned, and it is ripe for review.

## II.    APPLICABLE LAW.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."   Fed. R. Civ. P. 54(d)(1).   "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs."   *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)).   "[A] district court needs a 'sound basis' to overcome the strong presumption that a prevailing party is entitled to costs."   *Id.* at 1277 (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1023–24 (11th Cir. 2000)).   Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920, which delineates the allowable costs as:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under 28 U.S.C. § 1923;

> (6) Compensation of court appointed experts, interpreters, and costs of special interpretation services.

A court cannot award costs other than those specifically authorized in § 1920, unless authorized by another applicable statute. *See United States EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"When challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." *Miles v. Provident Life & Accident Ins. Co*., No. 6:08-cv-69-Orl-18KRS, 2009 WL 10670312, at *1 (M.D. Fla. Nov. 16, 2009).

## III.    OBJECTIONS TO AMENDED PROPOSED BILL OF COSTS.

MidAmerica challenges Siemens' requests for (1) fees of the Clerk; (2) fees for printed or electronically recorded transcripts, which includes the amount charged for video depositions, fees related to the video depositions, and fees for expedited or real-time trial transcripts; and (3) fees for exemplification and costs of making copies, which includes costs for blowback printing or copying as well as e-discovery services. Doc. 304.[2]  Each of MidAmerica's objections will be addressed in turn.

### A.    Fees of the Clerk.

In the proposed bill of costs, Siemens seeks $1,500.00 in "fees of the Clerk" for *pro hac vice* fees for the special appearance of attorneys on its behalf. Doc. 301-2.  MidAmerica objects to imposition of these costs as unauthorized. Doc. 304, at 6–7.  In response, Siemens states that "[a]lthough there is authority that would permit Siemens to recover *pro hac vice* fees, in the interest

---

[2] MidAmerica does not challenge the $4,262.88 in requested costs for "fees for witnesses." *See* Doc. 301-1, at 1; Doc. 304, at 5.  Accordingly, this Report and Recommendation does not further address those requested costs.

of narrowing the issues in dispute, Siemens has agreed to drop those amounts—totaling $1,500.00." Doc. 310, at 3 n.4.

Based on Siemens' response that it will voluntarily forego collection of these costs, I respectfully recommend that the Court sustain MidAmerica's objection in this regard and reduce the amount of requested costs by $1,500.00.  *See also Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 6:14-cv-307-Orl-40GJK, 2016 WL 7325544, at *2 (M.D. Fla. Aug. 31, 2016) ("[A] majority of district courts in this Circuit have concluded *pro hac vice* fees are not recoverable under § 1920.") (collecting authority), *report and recommendation adopted*, 2016 WL 7446390 (M.D. Fla. Oct. 4, 2016), *aff'd*, 727 F. App'x 562 (11th Cir. 2018).

B.      Fees for Printed or Electronically Recorded Transcripts.

Siemens seeks $66,473.77 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case, which includes transcripts for video depositions and trial transcripts.  Doc. 301-1, at 2.  MidAmerica asks that the Court reduce the recoverable costs in this category to $19,807.05.  Doc. 304, at 5, 8.  Each of MidAmerica's specific arguments are addressed in turn, below.

1.      *Costs of Video Depositions.*

Siemens' requested costs for printed or electronically recorded transcripts necessarily obtained for use in the case includes the following costs incurred for video depositions conducted in this case:

| Date | Deponent | Costs Sought | Record Citation |
|---|---|---|---|
| 7/10/2018 & 7/11/2018 | Harry Morehead | $3,651.30 | Doc. 301-3, at 40 |
| 7/10/2018 & 7/11/2018 | Harry Morehead (video fees) | $975.00 | Doc. 301-3, at 47 |

| 11/8/2018 | Harry Morehead | $356.20 | Doc. 301-3, at 43 |
|---|---|---|---|
| 7/26/2018 | John/Jack Kenny | $3,637.60 | Doc. 301-3, at 4 & 5 |
| 7/27/2018 | John/Jack Kenny | $3,127.25 | Doc. 301-3, at 6 & 7 |
| 8/29/2018 | Guido Schuld | $2,091.50 | Doc. 301-3, at 20 & 21 |
| 8/30/2018 | Guido Schuld | $1,662.75 | Doc. 301-3, at 22 & 23 |
| 11/06/2018 | Mark Confer | $1,464.00 | Doc. 301-3, at 41 |
| 11/07/2018 | Wolfgang Streer | $619.20 | Doc. 301-3, at 42 |
| 12/11/2018 | Frank Hannemann | $4,644.75 | Doc. 301-3, at 8 |
| 12/11/2018 | Frank Hannemann (video charges) | $2,250.00 | Doc. 301-3, at 9 |
| 12/12/2018 | Frank Hannemann | $3,532.80 | Doc. 301-3, at 10 |
| 12/12/2018 | Frank Hannemann (videographer charge) | $1,650.00 | Doc. 301-3, at 11 |
| 12/19/2018 | Lars Scott | $2,681.00 | Doc. 301-3, at 12 |
| 12/19/2018 | Lar Scott (videographer charges) | $1,105.00 | Doc. 301-3, at 13 |
| 1/18/2019 | Herbert Kosstrin | $2,737.05 | Doc. 301-3, at 14 |
| 1/18/2019 | Herbert Kosstrin (videographer charges) | $837.50 | Doc. 301-3, at 15 |
| 1/29/2019 | John/Jack Kenny (30(b)(6) deposition)) | $2,543.30 | Doc. 301-3, at 16 |
| 1/29/2019 | John/Jack Kenny (30(b)(6) deposition video fees)) | $880.00 | Doc. 301-3, at 17 |
| 1/30/2019 | John/Jack Kenny (30(b)(6) deposition)) | $2,242.75 | Doc. 301-3, at 18 |
| 1/30/2019 | John/Jack Kenny (30(b)(6) deposition video fees)) | $710.00 | Doc. 301-3, at 19 |
| 10/17/2018 | Rolf Ruesseler | $1,164.75 | Doc. 301-3, at 24 |
| 10/18/2018 | Rolf Ruesseler | $1,118.75 | Doc. 301-3, at 25 |
| 1/24/2019 | Rolf Ruesseler (video charges) | $340.00 | Doc. 301-3, at 26 |
| 1/24/2019 | Rolf Ruesseler | $1,036.05 | Doc. 301-3, at 27 |
| 1/24/2019 | Rolf Ruesseler | $1,199.65 | Doc. 301-3, at 28 |

| 2/01/2019 | Stephen Jenkins (video fees) | $742.50 | Doc. 301-3, at 29 |
|---|---|---|---|
| 2/01/2019 | Stephen Jenkins | $1,939.70 | Doc. 301-3, at 30 |
| 2/07/2019 | John a. Williams, Ph.D.[3] | $1,964.95 | Doc. 301-3, at 31 |
| 2/04/2019 | Nancy Smith | $2,763.50 | Doc. 310-3, at 32 |
| 2/04/2019 | Nancy Smith (video fees) | $2,034.97 | Doc. 301-3, at 33 |
| 10/17/2018 | Rolf Ruessler (video fees) | $695.50 | Doc. 301-3, at 34 |
| 10/18/2018 | Rolf Ruessler (video fees) | $600.50 | Doc. 301-3, at 35 |
| 1/23/2019 | Rolf Ruessler (video fees) | $648.00 | Doc. 301-3, at 36 |
| 2/7/2019 | John A. Williams (video fees) | $790.50 | Doc. 301-3, at 37 |
| 8/29/2018 | Guido Schuld (video fees) | $227.50 | Doc. 301-3, at 38 |
| 8/30/2018 | Guido Schuld (video fees) | $253.00 | Doc. 301-3, at 39 |
| 11/06/2018-11/08/2018 | Video fees: Confer, Street, Morehead | $975.00 | Doc. 301-3, at 48 |
| **TOTAL:** | | **$61,893.77**[4] | |

MidAmerica argues that Siemens has not demonstrated why conducting these depositions by video was necessary in this case; therefore, MidAmerica asks the Court to reduce the taxable costs to $19,807.05.   Doc. 304, at 7–9.   MidAmerica notes that none of these video depositions were used at trial.   *Id.* at 9.

Siemens responds that "the taxation of video depositions is allowable under 28 U.S.C. § 1920 where the depositions were noticed for videotaping and the non-prevailing party did not object

---

[3] In its filings, Siemens states that this particular invoice relates to the deposition of Stephen Jenkins. Doc. 301-3, at 2.   However, the invoice lists John A. Williams, Ph.D. as the deponent.   Doc. 301-3, at 31.

[4] The remainder of the costs that Siemens seeks to recover in the category of printed or electronically recorded transcripts necessarily obtained for use in the case are costs for real-time and expedited trial transcripts, totaling $4,580.00.   *See* Doc. 301-3, at 3.   The recoverability of such costs is discussed *infra*, § (III)(B)(3).

at the time." Doc. 310, at 4. Siemens also points out that MidAmerica was the party that noticed 15 of the 22 depositions at issue, all of which included video, and MidAmerica cannot now complain that those depositions were videotaped. *Id.* at 5. Siemens noticed the 7 remaining depositions as video depositions, and MidAmerica failed to object. *Id.* Finally, Siemens counters MidAmerica's argument regarding calling the witnesses at trial; noting the presiding District Judge's preferences that witnesses testify in person and that the depositions were taken before the scope of this case was narrowed to Siemens' counterclaim. *Id.*

The Eleventh Circuit has noted that:

> In determining whether the costs of recording a deposition may be taxed under §
> 1920, a district court must decide the factual question of whether the deposition was
> necessarily obtained for use in a case. *See EEOC v. W & O, Inc.*, 213 F.3d 600,
> 620–21 (11th Cir. 2000). Where the deposition costs were incurred for the
> prevailing parties' convenience, such as to aid in thorough preparation or for the
> purposes of investigation only, the costs are not recoverable. *Id.* at 620. Although
> use of a deposition at trial or in a summary judgment motion tends to show that the
> deposition was necessarily obtained for use in a case, such a showing is not necessary
> to be taxable. *Id.* at 621. Thus, even where a deposition is not ultimately used as
> part of a prevailing party's case, we have held that the costs of the deposition are
> taxable under § 1920 where no evidence shows that the deposition was unrelated to
> an issue in the case at the time it was taken. *Id.* at 622. Where a party notices a
> deposition to be recorded by both stenographic and non-stenographic means, and no
> objection is raised at that time as to the method of recordation, pursuant to Fed. R.
> Civ. P. 26(c), a court can award the cost of conducting the deposition in the manner
> noticed. *See Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 464–65 (11th Cir.
> 1996) (holding that costs for a video deposition are properly taxable under 28 U.S.C.
> § 1920).

*Watson v. Lake Cty.*, 492 F. App'x 991, 996–997 (11th Cir. 2012).[5]

On review, Siemens' position is more persuasive. As Siemens argues, taxation of costs of video depositions is allowable under § 1920. *See id.*; *see also Morrison*, 97 F.3d at 465 ("[W]hen a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and

---

[5] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed.").   Moreover, there is nothing in the record to suggest that MidAmerica lodged an objection to conducting the depositions at issue by video.   *See Escarra v. Regions Bank*, No. 2:07-cv-08-FtM-29DNF, 2010 WL 11507144, at *2 (M.D. Fla. Jan. 25, 2010) ("The Plaintiff does not assert that she objected to the depositions being taken by video, therefore, the costs are taxable."), *report and recommendation adopted*, 2010 WL 11507125 (M.D. Fla. Feb. 18, 2010).   And, Siemens has provided sufficient argument and authority as to why the video depositions were necessarily obtained for use in this case, including that the majority of the witnesses were outside the subpoena power of the Court.[6]   *See* Doc. 310, at 6 n.5; *see also Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 791 (N.D. Tex. 2014) (finding video deposition testimony necessarily obtained for use in the case given the nature of the litigation, as well as the possibility that individual defendants would not appear at trial or be within the subpoena power of the court).   Further, I note that most of these deposition transcripts were used in support of the parties' motions for summary judgment.[7]   *See W & O*, 213 F.3d at 621 ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions.").   Finally, "no evidence shows that the deposition[s] [were] unrelated to an

---

[6] I note that some courts have found that the relevant inquiry is: "(1) whether the depositions were noticed to be recorded by both stenographic and nonstenographic means, (2) whether Plaintiff objected at the time, and (3) *whether the depositions (not the type of recording) was necessary to the case*." *Awwad v. Largo Med. Ctr., Inc.,* No. 8:11-cv-1638-T-24, 2013 WL 6198856, at *3 (M.D. Fla. Nov. 27, 2013) (emphasis added) (citing *Wood v. Green*, 2010 WL 1380154, at *3 (N.D. Fla. Mar. 31, 2010)).   MidAmerica has not argued that the depositions were not necessary to the case, instead only arguing that the depositions need not have been conducted by video.

[7] Both parties relied on testimony from the depositions in support of their dispositive motions and responses in opposition thereto.   *See* Docs. 146, 147, 148, 149, 150, 156, 157, 158, 161, 163, 166, 167, 197, 199, 202, 206, 207.   The Court also cited to several of these deposition transcripts.   *See* Docs. 188, 189, 191, 203, 208.

issue in the case at the time [they were] taken." *See Watson*, 492 F. App'x at 996–97; *see also W&O*, 213 F.3d at 621.

Accordingly, I recommend that the Court overrule MidAmerica's general objection to all of the costs related to conducting these depositions by video.

2.      *Fees Associated with Video Depositions.*[8]

MidAmerica next argues that Siemens is not entitled to recover fees in connection with the video depositions for expedited transcripts, court reporter fees, real-time transcription fees, and litigation package fees, because these fees were incurred solely for the convenience of counsel. Doc. 304, at 10–11.[9]

Siemens, on the other hand, contends that each of these costs is recoverable because they are each part of the bundle that the court reporting service included in the deposition package.   Doc. 310, at 6.   Siemens argues that a transcript could not have been prepared without a court reporter. *Id.*   Siemens further argues that real-time transcription was necessary "in view of the complex and

---

[8] According to the amended bill of costs, Siemens and MidAmerica have come to an agreement on some of the proposed costs associated with the video depositions.   Doc. 301.   First, Siemens states that it will forego recovery of costs for shipping and handling related to the deposition transcripts.   *Id.* at 1.   On review of the invoices for the deposition transcripts, it appears that Siemens has removed all of the deposition charges related to shipping and handling.   *See* Doc. 301-3.   Therefore, shipping and handling charges as it relates to the depositions are not further discussed in this Report and Recommendation.

Second, Siemens states that it has "agreed to remove . . . separate video synchronization for the deposition transcripts."   Doc. 301, at 1.   On review of the deposition invoices, however, some of those invoices still include charges for video synchronization and/or digitization.   Therefore, absent some additional explanation from Siemens as to why some of those charges remain, and based on Siemens' representation that it has agreed to remove such charges, those charges are further addressed in detail *infra*.

[9] I note that MidAmerica attempts to litigate the issue of fees associated with the depositions by example, pointing only to the deposition of Jack Kenny to argue that Siemens seeks non-recoverable fees in this case.   *See* Doc. 304, at 9–10.   MidAmerica is cautioned that litigating by example in this respect is not well taken, in particular because MidAmerica is challenging charges related to at least 13 separate persons deposed over several different dates.   It is MidAmerica's burden to demonstrate that the costs requested by Siemens are not taxable; it is not the Court's job to identify each objectionable record for it.   Nonetheless, the undersigned has gone through each invoice submitted by Siemens, and will recommend the exclusion of costs not covered by § 1920.

highly technical subject matter . . . as well as for some witnesses for which there were translators." *Id.*   Siemens also contends that rough copies and expediting were necessary for briefing numerous pretrial motions.   Doc. 310, at 6.

I recommend that the Court sustain MidAmerica's objections in part and overrule the objections in part.   First, as it relates to fees for expedited or rough transcripts, costs associated with expedited transcripts should not be taxed as a matter of course.   *See Maris Dist. Co. v. Anheuser–Busch, Inc.*, 302 F.3d 1207, 1226 (11th Cir. 2002).   However, a prevailing party may recover expedited shipping costs by showing that either necessity or extraordinary circumstances justified that expense.   *George v. Fla. Dept. of Corr.*, No. 07–80019–CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

In its response to MidAmerica's objections, Siemens argues, without citation to any authority, that "rough copies and expediting was necessary for the briefing of the numerous pre-trial motions."   Doc. 310, at 6.   Without more, I find this explanation insufficient to demonstrate that expedited or rough drafts of transcripts were necessary in this case, in particular because Siemens does not identify what pre-trial motions rendered such expedited transcripts necessary.[10]   *Cf. Andrews v. Autoliv Japan, Ltd.*, No. 1:14-CV-3432-WSD, 2017 WL 2805868, at *2 (N.D. Ga. June 29, 2017) (declining costs for expedited transcript of deposition that took place 48 days before summary judgment deadline); *Perfect Web Techs., Inc. v. Infousa, Inc.*, No. 07-80286-CIV, 2009 WL 2407689, at *10 (S.D. Fla. Aug. 4, 2009) (finding that because the parties had seven months to conduct discovery from when the Court issued the scheduling order, "there was adequate time for

---

[10] Based on the invoices, it appears that all of the depositions took place between July 2018 and February 2019.   Siemens does not identify which pre-trial motions required expedited transcripts, or why. Insofar as the summary judgment deadline was February 19, 2019, I note that only five of the depositions at issue—Kenny, Ruesseler, Jenkins, Williams, and Smith—took place within the month prior to that deadline. Nonetheless, because Siemens does not address the individual depositions, or explain why a rough draft or expedited transcripts were necessary for same, the undersigned declines to further address this issue.

the depositions to be conducted in a non-expedited manner," and declining to award such costs); *Philadelphia Am. Life Ins. Co. v. Buckles*, No. 6:07-cv-1743-Orl-22DAB, 2009 WL 10671238, at *2 (M.D. Fla. June 26, 2009) (finding reliance on "rough draft depositions for a mediation within six days, and rough drafts within a week of the depositions of the parties' experts; as well as depositions taken within three weeks of the summary judgment deadline" was insufficient to justify imposition of costs for rough and expedited transcripts).

Second, as it relates to real-time transcription fees charged for the depositions, I recommend that the Court sustain MidAmerica's objection.   "[C]osts incurred for the convenience of counsel, such as for realtime, are not taxable."   *Lehman Bros. Holdings v. Hirota*, No. 8:06-cv-2030-T-24MSS, 2010 WL 3043653, at *4 (M.D. Fla. July 30, 2010); *see also Faucette v. Nat'l Hockey League*, No. 8:04-cv-2185-T-24EAJ, 2006 WL 4877553, at *2 (M.D. Fla. July 19, 2006).

Third, I recommend that the Court sustain MidAmerica's objection to the litigation package fees.   "Charges for condensed transcripts, summaries, scanning, and CD litigation packages are typically not recoverable because they are costs incurred for the party's convenience."   *See HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, No. 6:14-cv-2004-Orl-40KRS, 2018 WL 1863778, at *11 (M.D. Fla. Mar. 26, 2018), *report and recommendation adopted*, 2018 WL 1863779 (M.D. Fla. Apr. 13, 2018) (citations omitted); *see also Johnston v. Borders*, No. 6:15-cv-936-Orl-40DCI, 2017 WL 1968352, at *5 (M.D. Fla. Apr. 24, 2017) (recommending court deny collection of litigation package fees related to depositions because the defendants had not met their burden of providing sufficient information to justify the costs, or whether those costs were incurred solely for the convenience of counsel), *report and recommendation adopted*, 2017 WL 1957278 (M.D. Fla. May 11, 2017).

Fourth, as it relates to the court reporter fees for attendance at said depositions, I recommend that the Court overrule MidAmerica's objection.   Several district courts have concluded that such

fees are taxable.   *See, e.g.*, *M. by & through C.M. v. Walt Disney Parks & Resorts US, Inc.*, No. 6:14-cv-1895-Orl-22GJK, 2017 WL 3034066, at *10 (M.D. Fla. July 18, 2017) (citing *Smith v. Conner*, No. 8:12-cv 52-T-30AEP, 2014 WL 1652419, at *1 (M.D. Fla. Apr. 23, 2014); *Ferguson v. Bombardier Serv. Corp.*, No. 8:03-cv-539-T-31DAB, 2007 WL 601921, *3 (M.D. Fla. Feb. 21, 2007)); *see also Schwarz v. Vill. Ctr. Cmty.*, No. 5:12-cv-177-Oc-34PRL, 2017 WL 9362897, at *2 & n.4 (M.D. Fla. Oct. 31, 2017) ("The appearance of the court reporter at the deposition is necessary and directly related to preparing the transcript."), *report and recommendation adopted*, 2018 WL 495344 (M.D. Fla. Jan. 22, 2018); *Perfect Web Techs.*, 2009 WL 2407689, at *10 ("recovery of the stenographer's attendance fee should be permitted").   Accordingly, absent contrary authority by MidAmerica, which MidAmerica cites none, I recommend that the Court find that court report attendance fees are recoverable in this case.   In addition, "[t]he videographer's fees are also taxable as a part of the cost of a videotaped deposition."   *PODS Enters., LLC v. U-Haul Int'l, Inc.*, No. 8:12-cv-01479-T-27, 2015 WL 5021668, at *1 (M.D. Fla. Aug. 24, 2015) (citing *Fantroy v. Publix Super Markets, Inc.*, No. 8:12-cv-1940-T-33EAJ, 2014 WL 408426, at *2–3 (M.D. Fla. Feb. 3, 2014)).

Finally, although MidAmerica does not raise this issue in its motion, Siemens states that it has "agreed to remove . . . separate video synchronization for the deposition transcripts."   Doc. 301, at 1.   On review of the deposition invoices, however, although Siemens has removed charges for video synchronization from some of those invoices, *see* Doc. 301-3, at 2–3, 5, 7, 15, 17, 19 (video synchronization charges removed), Siemens has not removed the video synchronization charges from others, *see* Doc. 301-3, at 2–3, 9, 13, 23, 26, 29, 33–39, 47, 48 (video synchronization charges not removed).[11]   Based on Siemens' representation that it has agreed to remove such charges from

---

[11] The undersigned determined which invoices still included charges for synchronization/digitization by comparing the summary of the costs sought to be collected by Siemens as it relates to each deposition, *see*

its proposed costs, the undersigned will recommend that the Court decline to tax these costs, as detailed in the chart below.   *See also Awwad v. Largo Med. Ctr., Inc.*, No. 8:11-cv-1638-T-24, 2013 WL 6198856, at *3 (M.D. Fla. Nov. 27, 2013) (video synchronization not taxable cost under § 1920) (collecting cases).   Insofar as some of these charges are for video synchronization and/or digitization, I will likewise recommend that the Court decline to tax these costs.   *See GEICO Gen. Ins. Co. v. Gould*, No. 8:12-cv-1066-T-35TBM, 2015 WL 12838847, at *3 (M.D. Fla. Feb. 13, 2015) (digitizing and synchronizing video depositions not recoverable under § 1920) (collecting authority).

In sum, I recommend that the Court sustain MidAmerica's objections to the charges for rough draft and expedited transcripts; real-time transcription; and litigation package fees.   I further recommend that the Court decline to award costs for video synchronization/digitization.   Therefore, I recommend that the Court reduce Siemens' requested taxable costs as it relates to the depositions as follows:

| Deponent | Record Citation (Invoice) | Costs Sought | Objectionable Costs | Total Reduction in Costs |
|---|---|---|---|---|
| Harry Morehead | Doc. 301-3, at 40 | $3,651.30 | **$984.00** (rough draft over-the-weekend expedite); **$151.80** (condensed transcript) | **$1,135.80** |
| John/Jack Kenny | Doc. 301-3, at 4 & 5 | $3,637.60 | **$504.90** (5-day delivery); **$382.50** (real-time transcription); **$367.20** (rough transcript) | **$1,254.60** |

---

Doc. 301-3, at 2–3, with the invoices for the respective depositions, *see* Doc. 301-3, at 4–48.

| | | | | |
|---|---|---|---|---|
| John/Jack Kenny | Doc. 301-3, at 6 & 7 | $3,127.25 | **$429.00** (5-day delivery); **$325.00** (real-time transcription); **$312.00** (rough transcript) | **$1,066.00** |
| Guido Schuld | Doc. 301-3, at 20 & 21 | $2,091.50 | **$450.00** (real-time services); **$400.00** (rough draft); **$32.50** (litigation package fee) | **$882.50** |
| Guido Schuld | Doc. 301-3, at 22 & 23 | $1,662.75 | **$355.50** (real-time services); **$316.00** (rough draft); **$32.50** (litigation package fee); **$325.00** (video digitizing) | **$1,029.00** |
| Mark Confer | Doc. 301-3, at 41 | $1,464.00 | **$561.00** (rough draft transcript – same day) | **$561.00** |
| Frank Hannemann | Doc. 301-3, at 8 | $4,644.75 | **$1,065.60** (5-day delivery); **$610.50** (real-time transcription); **$610.50** (rough transcript) | **$2,286.60** |
| Frank Hannemann | Doc. 301-3, at 9 | $2,250.00 | **$225.00** (videosynch/tape) | **$225.00** |
| Frank Hannemann | Doc. 301-3, at 10 | $3,532.80 | **$859.20** (5-day delivery); **$492.25** (real-time transcription); **$492.25** (rough transcript) | **$1,843.70** |
| Lars Scott | Doc. 301-3, at 12 | $2,681.00 | **$796.25** (2-day delivery); **$306.25** (real-time transcription); **$294.00** (rough transcript) | **$1,396.50** |
| Lars Scott | Doc. 301-3, at 13 | $1,105.00 | **$225.00** (videosynch/tape) | **$225.00** |

- 15 -

| | | | | |
|---|---|---|---|---|
| Herbert Kosstrin | Doc. 301-3, at 14 | $2,737.05 | **$861.25** (2-day delivery); **$331.25** (real-time transcription); **$318.00** (rough transcript) | **$1,510.50** |
| John/Jack Kenny (30(b)(6) deposition)) | Doc. 301-3, at 16 | $2,543.30 | **$773.50** (2-day delivery); **$297.50** (real-time transcription); **$285.60** (rough transcript) | **$1,356.60** |
| John/Jack Kenny (30(b)(6) deposition)) | Doc. 301-3, at 18 | $2,242.75 | **$693.50** (daily delivery fee); **$237.50** (real-time transcription); **$228.00** (rough transcript) | **$1,159.00** |
| Rolf Ruesseler | Doc. 301-3, at 24 | $1,164.75 | **$32.50** (litigation package fee); **$440.00** (real-time & rough services) | **$472.50** |
| Rolf Ruesseler | Doc. 301-3, at 25 | $1,118.75 | **$32.50** (litigation package fee); **$420.00** (real-time & rough services) | **$452.50** |
| Rolf Ruesseler | Doc. 301-3, at 26 | $340.00 | **$340.00** (video – MPEG/Digitizing) | **$340.00** |
| Rolf Ruesseler | Doc. 301-3, at 27 | $1,036.05 | **$192.05** (expedited transcript); **$207.70** (real-time services); **$174.20** (rough draft); **$32.50** (litigation package fee) | **$606.45** |
| Rolf Ruesseler | Doc. 301-3, at 28 | $1,199.65 | **$232.30** (expedited transcript); **$255.75** (real-time services); **$214.50** (rough draft); **$32.50** (litigation package fee) | **$735.05** |
| Stephen Jenkins (video fees) | Doc. 301-3, at 29 | $742.50 | **$125.00** (expedited video services) **$617.50** (video – digitizing & | **$742.50** |

| | | | transcript synchronization) | |
|---|---|---|---|---|
| Stephen Jenkins | Doc. 301-3, at 30 | $1,939.70 | **$322.00** (expedited transcript); **$359.60** (real-time services); **$301.60** (rough draft); **$32.50** (litigation package fee) | **$1,015.70** |
| John a. Williams, Ph.D.[12] | Doc. 301-3, at 31 | $1,964.95 | **$430.40** (expedited transcript); **$381.50** (real-time services); **$327.00** (rough draft); **$32.50** (litigation package fee) | **$1,171.40** |
| Nancy Smith | Doc. 301-3, at 32 | $2,763.50 | **$139.50** (real-time services); **$130.20** (rough draft); **$45.00** (litigation package) | **$314.70** |
| Nancy Smith (video fees) | Doc. 301-3, at 33 | $2,034.97 | **$250.00** (video – transcript synchronization) | **$250.00** |
| Rolf Ruesseler (video fees) | Doc. 301-3, at 34 | $695.50 | **$617.50** (video – digitizing & transcript synchronization) | **$617.50** |
| Rolf Ruesseler (video fees) | Doc. 301-3, at 35 | $600.50 | **$522.50** (video – digitizing & transcript synchronization) | **$522.50** |
| Rolf Ruesseler (video fees) | Doc. 301-3, at 36 | $648.00 | **$570.00** (video – digitizing & transcript synchronization) | **$570.00** |
| John A. Williams (video fees) | Doc. 301-3, at 37 | $790.50 | **$712.50** (video – digitizing & transcript synchronization) | **$712.50** |
| Guido Schuld (video fees) | Doc. 301-3, at 38 | $227.50 | **$227.50** (video – digitizing & | **$227.50** |

---

[12] In its filings, Siemens states that this particular invoice relates to the deposition of Stephen Jenkins. Doc. 301-3, at 2.   However, the invoice lists John A. Williams, Ph.D. as the deponent.   Doc. 301-3, at 31.

| | | | transcript synchronization) | |
|---|---|---|---|---|
| Guido Schuld (video fees) | Doc. 301-3, at 39 | $253.00 | **$78.00** (video services – expedited) **$175.00** (video – digitizing & transcript synchronization) | **$253.00** |
| Harry Morehead (video fees) | Doc. 301-3, at 47 | $975.00 | **$975.00** (synch per hour) | **$975.00** |
| **TOTAL:** | | | | **$25,910.60** |

### 3.      *Fees for Expedited or Real-Time Trial Transcripts.*

In the Eleventh Circuit, costs associated with expedited trial transcripts are not permitted as a matter of course*.   See Maris Distributing Co. v. Anheuser-Busch, Inc*., 302 F.3d 1207, 1226 (11th Cir. 2002).   However, these costs may be awarded when the length and complexity of the case make them necessary.   *See id.*   A party may recover trial transcript costs only where the transcripts are "indispensable" to the case.   *Id.*

MidAmerica challenges Siemens' requested costs of $4,580.00 for expedited (daily) copies of the trial transcripts.   Doc. 304, at 11.   Siemens contends that the expedited trial transcripts were necessary in this case as follows:

> Siemens used these transcripts for its trial preparations, including to prepare for cross-examination of witnesses and for closing argument.   Siemens also used the transcripts to identify representations C2L's counsel made in opening statement and specific testimony given by C2L's witness, for the purpose of addressing, debunking and emphasizing these representations and statements during closing argument. Further, Siemens used the daily transcripts to make certain that none of C2L's representations and testimony were misstated during closing, and to identify documents for use as exhibits in closing that would underscore the fallacy of C2L's affirmative defense.

Doc. 310, at 7.   Siemens also points out that MidAmerica itself ordered daily transcripts; that both parties used the trial transcripts in post-trial motion practice; and that Siemens anticipates utilizing the transcripts related to MidAmerica's appeal.   *Id.* at 7–8.

On review, I find Siemens' position persuasive.   As Siemens suggests, the trial transcripts were utilized by the parties in post-trial motion practice.   Docs. 298, 303, 305.   *See Cadle v. Geico General Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2015 WL 4352048 at *7 (M.D. Fla. July 14, 2015) (awarding cost of trial transcripts because they were necessary for responding to post-trial motions); *Snow v. Bos. Mut. Life Ins. Co.*, No. 3:11-CV-813-MEF WO, 2014 WL 641879, at *3 (M.D. Ala. Feb. 19, 2014) (same); *Denton v. DaimlerChrysler Corp.*, 645 F. Supp. 2d 1215, 1228 (N.D. Ga. 2009) (same).   Accordingly, I recommend that based on Siemens' explanation that the daily trial transcripts were necessary in this case, including for daily trial preparation, post-trial motion practice, and as it relates to MidAmerica's appeal, that the Court find an award of the daily trial transcripts permissible in this case.   Therefore, I recommend that the Court overrule MidAmerica's objections in this regard.

C.   Fees for Exemplification and Costs of Making Copies.

Costs for making copies of any materials necessarily obtained for use in the case are taxable. 28 U.S.C. § 1920(4).   "To recover for photocopy expenses, a prevailing party must produce adequate documentation to show that the copies at issue were reasonably intended for use in the case."   *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000) (citing *W & O, Inc.*, 213 F.3d at 623).   "In evaluating copy costs, a district court should consider whether the prevailing party could have 'reasonably believed' that it was necessary to copy the documents at issue."   *Watson*, 492 F. App'x at 997 (citing *W & O, Inc.*, 213 F.3d at 623).   However, "[a]ctual

use of the information contained in the document copied is not a prerequisite to finding that it was necessary to copy the document." *Id.* (citing *W & O, Inc.*, 213 F.3d at 623).

Here, MidAmerica challenges two categories of copying costs: (1) fees for blowback printing and copying ($38,358.51); and (2) fees for e-discovery services ($1,187.40). Doc. 304, at 12–15. These categories will be addressed in turn.

*1. Blowback Printing and Copying.*

MidAmerica first argues that Siemens is not entitled to the $38,358.51 requested in blowback printing and copying costs (Doc. 301-5, at 2), because "Siemens made absolutely no attempt to demonstrate how any of the copies were necessary for trial as opposed to simply convenient for Siemens' counsel, and instead, simply lists the costs with a conclusory statement that the documents were necessary to comply with the Court's orders." Doc. 304, at 12–13. MidAmerica also argues that the invoices provided by Siemens fail to "provide any indication of what documents were even printed." *Id.* at 13. In addition, MidAmerica argues that the invoices impermissibly include charges for index tabs, Redweld files, binders, and technical labor, all of which are not recoverable under § 1920. *Id.*

In response, Siemens asserts that "all of these copying costs were necessary to comply with the local rules and the direct order from this Court as to how to present exhibits at trial." Doc. 310, at 8–9 (citing Local Rule 3.07; Doc. 69). Siemens also argues that MidAmerica attempts to narrow the scope of this case to Siemens' counterclaim; however, prior to the narrowing of the scope of this case, the parties' joint pretrial statement identified over a dozen witnesses and hundreds of exhibits on each side, rendering the subject costs taxable. *Id.* at 9.

"The party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used

in the case." *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992) (citations omitted), *aff'd*, 998 F.2d 1023 (11th Cir. 1993).   Here, Siemens fails to address the blowback printing and copying costs with any specificity.   It is entirely unclear from the proposed bill of costs, Siemens' invoices filed in support, and Siemens' response to MidAmerica's motion what documents were copied and why those copies were necessary in this case.   Inasmuch as Siemens references the Court's Case Management and Scheduling Order (Doc. 69), it is entirely unclear from Siemens' response what copies were made in compliance with that Order or which invoices relate to such copies.   *See* Doc. 310.   Therefore, without more, I find Siemens' conclusory explanation that the costs for blowback printing and copying were necessary in this case insufficient.   *See State Farm Mut. Auto. Ins. Co. v. Phsyicians Injury Care Ctr., Inc.*, No. 6:06-cv-1757-Orl-GJK, 2010 WL 11475708, at *6 (M.D. Fla. Aug. 25, 2010) ("A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made." (citing *Helms*, 808 F. Supp. at 1570)); *see also Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (noting that general copying costs are "clearly nonrecoverable" under § 1920).   Therefore, I respectfully recommend that the Court sustain MidAmerica's objection to the requested costs for blowback printing and copying.

To the extent that the Court determines that the costs for blowback printing and copying are recoverable, MidAmerica is also correct that Siemens has failed to justify recovery for charges related to index tabs, Redweld files, binders, and technical labor, charges for which are reflected on the subject invoices.   In general, "§ 1920 does not authorize recovery of . . . costs for binders, tabs, and technical labor."   *Watson*, 492 F. App'x at 997.   Nonetheless, these costs may be recoverable if they are incurred in complying with a court order specifically requiring them.   *See Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *7 (S.D. Fla. Feb. 2, 2016) (citation omitted);

*Brown v. Columbia Sussex Corp.*, No. 8:12-cv-1278-T-27EAJ, 2014 WL 12614502, at *3 (M.D. Fla. May 27, 2014) (citation omitted) ("[D]ocuments prepared for the Court's consideration are recoverable, whereas copies obtained only for the convenience of counsel, such as extra copies of filed papers, correspondence, and copies of cases are not."). Siemens does not even address the charges for index tabs, Redweld files, binders, and technical labor in its response to MidAmerica's motion, and thus, at the very least, these costs must be declined under § 1920.[13]

For these reasons, I respectfully recommend that the Court sustain MidAmerica's objection to Siemens' requested costs for blowback printing and copying, and reduce the amount of costs to be awarded by $38,358.51. *See* Doc. 301-5, at 2 (documenting $38,358.51 in blowback printing and copy costs).

### 2. *E-Discovery Services.*

Finally, MidAmerica objects to Siemens' request for $1,187.40 in fees for e-discovery services, which includes user fees (Doc. 301-5, at 25, 27), hosting charges (Doc. 301-5, at 26, 28), and client file sharing hosting (Doc. 301-5, at 29–33). Doc. 304, at 14. MidAmerica contends that because Siemens' requested e-discovery costs are "ancillary costs commonly incurred," rather than

---

[13] I respectfully recommend that the copying costs for blowback printing and copying ($38,358.51) be denied in their entirety for Siemens' failure to demonstrate that these copies were necessary in this case. However, should this Court disagree, and find that the blowback printing and copying costs are recoverable, Siemens' requested costs should at the very least be reduced to remove the charges for index tabs, Redweld files, binders, and technical labor, in the total amount of $4,502.23. *See* Doc. 301-5, at 3 ($56.00 index tabs; $67.00 binder; $29.20 binder); Doc. 301-5, at 6 ($21.00 index tab; $11.00 binder); Doc. 301-5, at 7 ($12.60 index tab; $2.50 Redweld; $11.00 binder); Doc. 301-5, at 8 ($5.25 index tab; $5.00 custom tab; $6.50 binder); Doc. 301-5, at 9 ($57.40 index tab); Doc. 301-5, at 10 ($14.70 index tab; $11.00 binder); Doc. 301-5, at 11 ($11.20 index tab; $15.00 binder; $2.50 Redweld); Doc. 301-5, at 12 ($7.00 index tab; $11.00 binder); Doc. 301-5, at 13 ($36.75 index tab; $40.00 custom tab; $7.50 binder; $15.00 binder; $35.00 binder); Doc. 301-5, at 14 ($11.55 index tab; $7.50 binder); Doc. 301-5, at 15  ($150.00 project management (per hour)); Doc. 301-5, at 16 ($130.50 tabs; $7.50 file folders; $22.50 labor; $125.00 CD burning); Doc. 301-5, at 18 ($135.00 non-technical labor); Doc. 301-5, at 20 ($1,023.50 tabs; $72.00 binder; $192.00 binder; $420.00 binder); Doc. 301-5, at 21 ($420.00 custom index tabs); Doc. 301-5, at 22–24 ($1,294.08 short term copier rental).

costs for "creating the produced documents," the costs are not recoverable.  *Id.* at 14–15 (relying

on *CBT Flint Partners, LLC, v. Return Path, Inc.*, 737 F.3d 1320, 1326 (Fed. Cir. 2013)).

Siemens, on the other hand, points out that the parties entered into an ESI agreement in

January 2018, in which "they agreed to specific file formats for production, as well as requirements

for production of metadata and searchable document formats."   Doc. 310, at 9 (citing Docs. 114,

116).   Siemens states that "electronic scanning and imaging of paper documents is the modern-day

equivalent of 'exemplification and copies' of paper" under § 1920.   *See id.* at 10 (collecting cases).

The parties agree that the Eleventh Circuit has not addressed the issue regarding whether e-

discovery costs are taxable under § 1920.   Docs. 304, 310.   As one court in this district has noted,

> The Federal Circuit, applying Eleventh Circuit case law, and a number of district
> courts in this Circuit have considered the issue, and have essentially concluded that
> while the costs of creating electronic copies of documents are generally recoverable
> under § 1920(4), the costs of creating and managing a dynamic, indexed and
> searchable databased that allows counsel to search for and within the documents are
> not recoverable under § 1920(4).   *See, e.g.*, *CBT Flint Partners, LLC v. Return Path,
> Inc.*, 737 F.3d 1320, 1328–33 (Fed. Cir. 2013) (finding the costs of making electronic
> copies may be recoverable under § 1920(4), but many of the costs associated with
> creating, maintaining, and utilizing the database where the documents are stored are
> not recoverable); [*Akanthos Capital Mgmt., LLC v. CompuCredit Holdings Corp.*, 2
> F. Supp. 3d 1306, 1316 (N.D. Ga. 2014)] (finding the costs of digitizing paper
> documents and converting ESI from a native format may be taxable under § 1920(4),
> but not "the cost of creating a dynamic, indexed and searchable database," which "is
> nothing more than an efficient, convenient, modern-day version of paper document
> review."); [*United States ex rel. Christiansen v. Everglades Coll., Inc.*, No. 12-
> 60185-CIV-DIMITROULEAS, 2014 WL 11531631 (S.D. Fla. Nov. 13, 2014,)]
> (finding the costs of creating and maintaining a litigation database are not
> recoverable under § 1920(4)); *Procaps*, 2016 WL 411017, at *13 (finding the cost of
> using optical character recognition to search electronic documents is not recoverable
> under § 1920(4)). The undersigned finds these cases persuasive, because they are
> consistent with the limited scope of § 1920(4).

*Blitz Telecom Consulting*, 2016 WL 7325544, at *7.

I agree with the analysis in *Blitz Telecom*.   Accordingly, based on the limited scope of §

1920(4), I recommend that the Court sustain MidAmerica's objection to the requested costs for e-

discovery services, and reduce the amount of Siemens' recovery by $1,187.40.  *See id.*; *see also HRCC, Ltd.*, 2018 WL 1863778, at *10 ("[W]hile the costs of digitizing paper documents and making duplicates of electronic documents are recoverable, many of the other costs associated with e-discovery (such as creating and maintaining a dynamic, indexed, and searchable database) are not recoverable."), *report and recommendation adopted*, 2018 WL 1863779 (M.D. Fla. Apr. 13, 2018); *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2015 WL 12839237, at *10 (M.D. Fla. June 10, 2015) (finding e-discovery costs sought, which included "charges for data uploading, monthly data hosting, and 'Tech Time Related to QC,'" were not taxable costs under § 1920), *report and recommendation adopted*, 2016 WL 355490 (M.D. Fla. Jan. 29, 2016).

## IV.    RECOMMENDATIONS.

For the reasons stated herein, I **RESPECTFULLY RECOMMEND** that MidAmerica's objections (Doc. 304) to Siemens' amended Proposed Bill of Costs (Doc. 301) be **SUSTAINED in part and OVERRULED in part** as outlined herein.  I recommend that the Court **AWARD** Siemens total costs as follows:

1.    $40,563.17 in "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case."

2.    $4,262.88 in "Fees for Witnesses."

Therefore, I recommend the Court award Siemens total costs of $44,826.05.    I recommend that the remainder of the costs sought by Siemens be denied.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.    A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 19, 2020.


LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record