IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MIDAMERICA C2L INC., et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 6:17-cv-171-PGB-LRH |
| SIEMENS ENERGY, INC., | ) |
| Defendant. | ) |

**DEFENDANT SIEMENS ENERGY, INC.'S OPPOSITION TO PLAINTIFFS' TIME-SENSITIVE MOTION FOR EXTENSION OF TIME TO FILE MOTIONS FOR SUMMARY JUDGMENT AND REQUEST FOR STATUS CONFERENCE**

Defendant Siemens Energy, Inc. ("Siemens Energy") opposes Plaintiffs MidAmerica C2L Incorporated ("C2L") and Secure Energy, Inc.'s ("Secure") (collectively, "Plaintiffs") Time-Sensitive Motion for Extension of time to file Motions for Summary Judgment and Request for Status Conference. Plaintiffs have failed to demonstrate good cause for either request or the absence of prejudice to Siemens Energy, and Plaintiffs' Motion should be denied as follows:

1. As detailed in the parties' Joint Status Report and Case Management Proposal (Dkt. No. 321), on March 31, 2023, the 11th Circuit Court of Appeals issued its decision on Plaintiffs' petition for rehearing and its opinion replacing its opinion from the year prior. In its replacement opinion, the 11th Circuit endorsed Siemens Energy filing a renewed motion for summary judgment on the same grounds that the 11th Circuit had previously embraced

when affirming summary judgment in its original opinion.

2. On May 19, 2023, the 11th Circuit denied Plaintiffs' second petition for rehearing. In anticipation of the mandate issuing from the 11th Circuit Court of Appeals, on May 26, 2023, Siemens Energy initiated discussions with Plaintiffs' counsel on a case management structure and schedule for the summary judgment proceedings on remand. In that regard, Siemens Energy sent Plaintiffs a draft of a proposed case management plan with a proposed schedule that contemplated Siemens Energy would file its motion for summary judgment on July 21, 2023.

3. Plaintiffs' counsel, Michael McGinley, responded, and over roughly the next month, the parties negotiated the schedule and structure for the summary judgment proceedings and the rest of the case management submission. Over the course of those negotiations, Mr. McGinley asked for accommodations on the summary judgment schedule relative to his schedule, which Siemens Energy accommodated. Ultimately, Siemens Energy and Plaintiffs agreed to a schedule for summary judgment motions that contemplated motions to be filed on August 25, 2023, oppositions on October 6, 2023 -- 42 days after the motions (or double the amount of time regularly allotted under Local Rule 3.01(c)) – and replies due on October 27. At no point did Plaintiffs' counsel mention the need or possibility of Secure retaining additional or substitute counsel, or the need or possibility of a further extension of time on the summary judgment schedule.

4. The parties submitted the case management statement and proposed schedule to the Court on June 20 (Dkt. No. 321), and the Court entered it on June 23 (Dkt. No. 322).

5. Over a month later, on August 2, 2023, The Simon Law Firm advised Siemens

Energy's counsel that it had been retained to represent Plaintiffs, but did not advise or mention the possibility of a purported need for a further extension of time on the summary judgment schedule.

6. Nearly two weeks later, on August 14, 2023, a representative from The Simon Law Firm asked Siemens Energy's counsel if they were available for a call to discuss the case. Siemens Energy made itself available on August 16, 2023, and during that call, Mr. Simon indicated Plaintiffs had two requests: (1) an extension of 60 days for the summary judgment briefing schedule and (2) a status conference with the Court. Siemens Energy's counsel advised Mr. Simon it would need to confer with its client, but that, even if Siemens Energy was willing to accommodate an extension, a 60-day extension was too long under the circumstances. Siemens Energy's counsel also advised Mr. Simon that a status conference was unnecessary, given the posture and circumstances of the case – namely, a closed record and clearly delineated structure and schedule for motions for summary judgment the parties had already agreed upon.

7. After conferring with its client, Siemens Energy's counsel invited a call with Plaintiffs' counsel on Monday, August 21. During the call, Siemens Energy's counsel explained that, while Siemens Energy was willing to accommodate an extension up to 21 days, it would not agree to, or allow for, any collateral proceedings during the summary judgment briefing period, including Plaintiffs' request for a status conference or any other potential motion practice unrelated to the summary judgment motions that were already contemplated under the existing schedule. Thus, to the extent Plaintiffs wished to pursue the extension, Siemens Energy's consent to it would be conditioned on Plaintiffs' agreement that they would

not pursue, before or during the summary judgment briefing period, any collateral litigation or motion practice unrelated to filing a motion for, and/or opposing, summary judgment. Plaintiffs refused to make that commitment, and advised Siemens Energy it would proceed accordingly, without Siemens Energy's consent.

8. Attached hereto as Exhibit A is a true and correct copy of counsel's email correspondence on August 21-22 concerning these issues (minus the attachments containing the drafts and proposed revisions to Plaintiffs' motion).

9. Plaintiffs' motion should be denied for lack of good cause and because of prejudice to Siemens Energy. The parties agreed to the existing schedule two months ago, and Siemens Energy already accommodated Plaintiffs' requests for more time on the deadline to file and oppose motions for summary judgment at that time. All counsel of record for Plaintiffs prior to The Simon Law Firm's appearance remain of record for Plaintiffs. And, while the Danna McKitrick firm recently re-filed withdrawal papers after they were initially denied, Mr. McGinley – who appeared in the prior district court proceedings, handled Secure's appeal, is very familiar with the record, and negotiated the case management schedule for the summary judgment proceedings on remand – has not indicated any intent to pursue withdrawal. Nor has Mr. Ketcham. And to the extent Plaintiffs believe they need to add additional counsel, Plaintiffs have been aware of the need to do so for almost four months and long before agreeing to the current schedule. As for the Simon Law Firm, it had the district court and appellate record available when it took on the engagement, including the schedule to which it would be stepping-in on.

10. As for prejudice, Siemens Energy is entitled to resolution of its summary

judgment motion on the schedule the parties agreed upon, free from any further delays, distractions and expense associated with collateral and unnecessary proceedings. The pleadings are closed and the record is set. Plaintiffs' desire to obtain more time on the summary judgment schedule, and simultaneously seek an unnecessary status conference, and preserve their ability to initiate collateral motion practice or other litigation during summary judgment proceedings is, given the current posture of this case, a waste of judicial resources, contrary to the efficient resolution of disputes, and designed solely for delay and to unnecessarily increase Siemens Energy's cost and expenses.

Dated:  August 23, 2023

                                            Respectfully submitted,
                                            **BAKER & HOSTETLER, LLP**

                                            BY:  /s/ *Robert W. Thielhelm*
                                            Robert W. Thielhelm, Jr.
                                            Florida Bar No. 889679
                                            SunTrust Center, Suite 2300  .
                                            200 South Orange Avenue
                                            Orlando, FL  32801-3432
                                            Phone: (407) 649-4000
                                            Facsimile: (407) 841-0168
                                            E-Mail: rthielhelm@bakerlaw.com

                                            **Attorneys for Defendant &**
                                            **Counterclaimant Siemens Energy, Inc.**

and

**REED SMITH, LLP**

Jonah D. Mitchell, *admitted pro hac vice*
Adaline Hilgard, *admitted pro hac vice*
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Phone: (415) 543-8700
Facsimile: (415) 391-8269
E-Mail: jmitchell@reedsmith.com
ahilgard@reedsmith.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 23, 2023, a true and correct copy of the foregoing was submitted to the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following listed counsel:

Robert L. Devereux
Jeffrey R. Schmitt
**DANNA MCKITRICK, P.C.**
7701 Forsyth Blvd., Suite 800
St Louis, MO 63105
Telephone: (314) 726-1000
Fax: (314) 725-6592
Email: rdevereux@dmfirm.com
Email: jschmitt@dmfirm.com

Michael H. McGinley
**DECHERT LLP**
2929 Arch Street
Philadelphia, Pennsylvania 19104-2808
Phone: (215) 994-4000
Fax: (215) 994-2222
E-Mail: michael.mcginley@dechert.com

Walter A. Ketcham , Jr.
**GROWER, KETCHAM, EIDE, TELAN & MELTZ, PA**
901 N Lake Destiny Rd., Suite 450
PO Box 538065
Orlando, FL 32853-8065
Telephone: (407) 423-9545
Fax: (407) 425-7104
Email: enotice@growerketcham.com

Anthony G. Simon, Esq.
Jeremiah W. Nixon, Esq.
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
St. Louis, Missouri 63101
Telephone: (314) 241-2929
Fax: (314) 241-2029
E-Mail: asimon@simonlawpc.com
          jnixon@simonlawpc.com

A copy was also served via U.S. Mail and e-mail:
Walter A. Ketcham, Jr.
**FISHER RUSHMER, P.A.**
200 E. Robinson St.. Suite 800
Orlando, FL  32751
Email:  wketcham@fisherlawfirm.com


DATED:  August 23, 2023.

                BY:  /s/ *Robert W. Thielhelm*
                Robert W. Thielhelm, Jr.